Grab, Appellant, vs. Lucas and others, imp., Respondents.

*February 27—March 17, 1914.*

*False imprisonment: Arrest on civil warrant: Mistake as to bond required: Liability of plaintiffs: Constables: Placing person in jail.*

1. Presence of the plaintiffs in an action in justice's court at the time when the defendant therein was brought before the justice pursuant to a civil warrant of arrest, was proper; and their mere presence, without participation in the proceedings, did not render them liable for a mistake of the justice in demanding of the defendant a bond in excess of the statutory requirements.

2. Officers having in their custody persons under arrest may lawfully place them for safe-keeping in any proper and suitable place, such as a city or county jail.

3. A person so placed in jail by a constable having him in custody remained, in contemplation of law, in the custody of the constable, although the sheriff was the custodian of the jail.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Action for false imprisonment. Two years before its commencement *Zierath* and *Magnin* caused the plaintiff to be arrested on a civil warrant and brought before the defendant Van Vuren, who was a justice of the peace. The defendant

Mars acted as attorney for *Zierath* and *Magnin,* and the de-
fendant *Lucas* was a constable, who arrested the plaintiff and
brought him before the justice.   Plaintiff desired a continu-
ance, and tendered a bond—insufficient under the statute.
The justice required him to give a bond imposing greater bur-
dens upon the surety than the statute provides for, and upon
his failure to give such bond the justice committed him to the
custody of the defendant *Lucas,* who placed him in the county
jail, where he remained for the period of about one hour,
when he was released.   It appears that considerable conver-
sation took place before the justice between him, plaintiff,
and the defendant Mars as to the insufficiency of the bond
tendered and as to the terms of the one required.   Neither of
the defendants *Zierath, Magnin,* or *Lucas* took part in such
conversation, though present.   At the close of the trial in the
circuit court a verdict was directed for the defendants *Zie-
rath, Magnin,* and *Lucas.*   The defendants Van Vuren and
Mars did not appear.   From a judgment entered in favor of
the defendants *Zierath, Magnin,* and *Lucas* the plaintiff ap-
pealed.

For the appellant there were briefs by *Minahan & Mina-
han,* and oral argument by *E. R. Minahan.*

For the respondent *Lucas* there was a brief by *Classon &
O'Kelliher,* and oral argument by *D. G. Classon.*

For the respondents *Magnin* and *Zierath* there was a brief
by *Gill & Chase,* and oral argument by *J. B. Chase.*

Vinje, J.   No claim is made that the civil warrant was
not properly issued nor that plaintiff was not lawfully ar-
rested thereon, but it is urged that the defendants *Zierath* and
*Magnin,* being present before the justice at the time the bond
was required to be given, must be held to have participated in
the illegal demand for a bond in excess of the statutory re-
quirement.   In the bond tendered, the surety agreed to se-
cure the appearance of the plaintiff at the adjourned day, but

did not agree to pay if such appearance was not secured.    In
the bond demanded, the surety was required to pay if plaint-
iff did not, even though his appearance was secured, while the
statute, secs. 3633, 3635, requires the surety to pay only in
the event the appearance of plaintiff is not secured.    The
defendants mentioned were properly present, as the statute
commands the officer making the arrest to notify the plaintiff.
Sec. 3603.    But their mere presence in court without any
participation in the proceedings for the giving of the bond
cannot be held to render them liable for a mistake of the jus-
tice as to the terms of the bond.    They were farmers, not
versed in law, and presumably were ignorant of the statutory
requirements of such a bond.    A verdict was properly di-
rected in their favor.    *Langford v. B. & A. R. Co.* 144 Mass.
431, 11 N. E. 697.

The ground of liability urged against the defendant *Lucas*
is that he had no right to place plaintiff in the county jail
after the justice committed him to his custody upon his fail-
ure to give the bond required.    Just what disposition the
constable should have made of his prisoner plaintiff's counsel
fails to point out in his brief, and acknowledged upon oral
argument he was unable to state.    But he was certain that
plaintiff should not have been put in jail.    Without attempt-
ing to reply to counsel's argument or to lay down rules indi-
cating in what cases it is or is not proper for officers to place
persons under arrest in jail, it can be said that defendant
*Lucas,* under the circumstances of this case, was justified in
placing plaintiff there for safe-keeping.    No claim is made
that the jail was unsanitary, or that plaintiff was needlessly
placed in a cell, or abused or mistreated in any way.    His de-
tention there was only an hour, though that is not material.
It might lawfully, so far as the constable was concerned, have
continued till the adjourned day.    Officers having persons
under arrest in their custody may lawfully place them for
safe-keeping in any proper and suitable place such as a city or

county jail, otherwise they could not be safely kept. While the primary function of a jail is a place of detention for persons committed thereto under sentence of a court, they are also the proper and usual places where persons under arrest or awaiting trial are kept till they appear in court and the charge against them is disposed of. *In re Kindling,* 39 Wis. 35. See, also, *Gebhardt v. Holmes,* 149 Wis. 428, 135 N. W. 860. While plaintiff was so kept there he was, in contemplation of law, in the custody of the constable, though the sheriff was the custodian of the jail. The court properly directed a verdict in favor of *Lucas.*

*By the Court.*—Judgment affirmed.