Thomas C. Chimera, J.
Relator was arrested November 6, 1959 after being chased by a police officer to a building on Bergen Avenue in The Bronx. The officer said that after a search of the premises, he found relator in the alleyway hiding behind two cans. Relator is quoted as having then stated that he had slipped and fallen when he tried to come down the drain pipe. This much may be ascertained from the papers attached to relator’s “ Criminal Record ”.
From a letter dated March 30, 1960 sent by the New York City Department of Hospitals (Lincoln Hospital), it is established that relator was admitted to Lincoln Hospital on November 6, 1959 and accompanied by a police officer, transferred therefrom to Bellevue Hospital, Prison Ward, on November 25, 1959, “ as we have no prison ward in this institution.”
It is not denied that relator’s admission to Lincoln Hospital was engineered by the arresting officer and in the absence of any proof to the contrary I have no choice but to conclude that relator was under police surveillance during the 19 days of his stay there.
Relator was subsequently indicted for grand larceny, first degree, and convicted on April 19, 1960 of petit larceny upon his own confession and plea of guilty for which he drew a flat sentence of one year in the New York City Penitentiary.
By section 2193 of the Penal Law, relator is entitled to have calculated as part of the term of the sentence imposed upon him “ any time spent * * * in a * * * prison or jail prior to his conviction and before sentence ’ ’.
Relator has been credited with 32 days spent in Bellevue Hospital and 114 days spent in the county jail prior to the date *904 of sentence, a total of 4 months and 26 days, leaving 7 months and 4 days still to be served subject to good conduct credit of 10 days per month, allowable and allowed here pursuant to section 230 of the Correction Law. Relator’s release date under these calculations was scheduled for September 12, 1960.
No credit has been given for the 19 days spent by him in Lincoln Hospital on the theory that ‘ ‘ Lincoln ’ ’ is not a prison or a jail.
As early as Coke’s Institutes (2d), it was said among other things (p. 589): “He that is in the stockes, or under lawful arrest, is said to be in prison, although he be not infra pañetes 'carceris ”. This conclusion that the terms prison or jail have received at law a broader meaning than the generally accepted definition as a place or building for confinement, will be found -echoed in at least three decisions called to this court’s attention: Drinkall v. Spiegel (68 Conn. 441, Andrews, C. J.); People ex rel. Newton v. Twombly (228 N. Y. 33, Cabdozo, J.); People ex rel. Cohalan v. Warden of City Prison (96 N. Y. S. 2d 749, Koch, J.).
Cohalan (supra) was a case where the very section 2193 came under interpretation. There the issue involved the detention of a person under lawful arrest, first in a hotel and later aboard a vessel while being transferred from a jail in Puerto Rico to one in New York City. The situation here is analogous and Mr. Justice Koch’s conclusion there is applicable here — the terms prison and jail should be construed in the spirit of the section which was to confer benefit upon the person under lawful arrest. Relator is therefore entitled to receive credit for the 19 days spent in Lincoln Hospital while under arrest.
Notwithstanding this additional factor, the writ of habeas corpus must be dismissed as prematurely brought. A recapitulation, however, will disclose that relator’s term, as of this writing, has expired. Accordingly, the Department of Correction is directed to release the relator forthwith. Order signed.