PEOPLE v GRAVLIN

CRIMINAL LAW—JAILS—MENTAL HOSPITALS—CONFINEMENT—SEN-
TENCE—CREDIT FOR TIME SERVED—STATUTES—MENTAL HEALTH
—PRISONS.

A defendant must be given credit against his sentence for time
spent in confinement, pursuant to governmental authority, at a
mental hospital after his arrest and while his trial was pend-
ing; a "jail" means a place of confinement and a mental
hospital is such a place (MCLA 767.27a[9], 769.11b).

Appeal from Oakland, James S. Thorburn, J.
Submitted Division 2 March 12, 1974, at Lansing.
(Docket No. 17257.) Decided March 29, 1974.

William G. Gravlin was convicted of first-degree
murder. Defendant appeals. Remanded with in-
structions to grant defendant credit against his
sentence.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, and *Robert C. Williams,*
Chief Appellate Counsel, for the people.

*Joseph L. Hardig, Jr.,* for defendant on appeal.

Before: HOLBROOK, P. J., and ALLEN and VAN
VALKENBURG,* JJ.

PER CURIAM. The defendant, William G. Gravlin,

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 545.
60 Am Jur 2d, Penal and Correctional Institutions § 60.

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was arrested on September 29, 1964, and charged with murder in the first degree. MCLA 750.316; MSA 28.548. On January 14, 1965, defendant was adjudicated incompetent to stand trial and committed to Ionia State Hospital. Three years later defendant was adjudicated competent to stand trial. He was tried and convicted of first-degree murder and sentenced to life in prison, without receiving any credit for the time he spent in custody.

On appeal defendant contends that he should have been given credit against his sentence for the time spent in jail and in custody at Ionia State Hospital prior to his sentence. We agree.

The statute in effect at the time of defendant's commitment to Ionia (MCLA 767.27; MSA 28.967) was amended effective March 10, 1967, by 1966 PA 266. A section of the amended statute, MCLA 767.27a(9); MSA 28.966(11)(9) requires:

"Time spent in custody under subsections (3), (5), (6), (7) and (8) shall be credited against any sentence imposed on the defendant in the pending criminal case or in any other case arising from the same transaction. The statute of limitations on the pending criminal charge or any other charge arising from the same transaction shall commence to run on the entry of an order of commitment under subsection (5) of this section and shall continue to run until and unless the committing court determines under subsection (8) that the defendant is competent to stand trial."

Section 3 of the act states that persons presently committed to Ionia State Hospital are subject to the provisions of this 1966 amendatory act. Therefore, the time defendant spent in custody at Ionia must be credited against his sentence.

The same result is required under MCLA 769.11b; MSA 28.1083(2) which states:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

This statutory provision is remedial and should be liberally construed to effectuate the statutory purpose sought to be achieved by the Legislature in its enactment. *People v Cohen,* 35 Mich App 706; 192 NW2d 652 (1971); *People v Potts,* 46 Mich App 538; 208 NW2d 583 (1973).

A "jail" means a place of confinement and a mental hospital is such a place. A defendant must be given credit against his sentence for time spent in confinement pursuant to governmental authority, regardless of the place of confinement. *People v Noble,* 26 Misc 2d 903; 207 NYS2d 467 (1960).

This case is remanded to the Oakland County Circuit Court with instructions to grant the defendant credit against his sentence for the days spent in confinement since the date of his arrest.