PEOPLE v ERVIN THOMAS

CRIMINAL LAW—SENTENCES—CREDIT FOR TIME SERVED—JUVENILE DE-
    TENTION.

> Statutory provision directing the trial court to grant credit
> against the sentence of a convicted criminal defendant for time
> served in jail prior to sentencing because of bond being denied
> or inability to furnish bond is remedial and should be liberally
> construed and therefore includes time served in a juvenile
> detention facility (MCLA 769.11b).

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 January 15, 1975, at Detroit. (Docket Nos. 18495, 18496.) Decided January 27, 1975.

Ervin L. Thomas was convicted, on his plea of guilty, of felonious assault and attempted breaking and entering. Defendant appeals. Affirmed but remanded for determination of credit for time served prior to sentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*George W. Schudlich,* for defendant on appeal.

Before: R. B. BURNS, P. J., and BRONSON and M. F. CAVANAGH, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 533, 545, 606.

R. B. BURNS, P. J. Defendant, 16 years old, was charged with armed robbery, MCLA 750.529; MSA 28.797, and breaking and entering an occupied dwelling, MCLA 750.110; MSA 28.305. He pled guilty to the reduced charges of felonious assault, MCLA 750.82; MSA 28.277 and attempted breaking and entering, MCLA 750.92; MSA 28.287.

Defendant raises five grounds in his appeal. Only one ground merits discussion. The other grounds are deemed waived, abandoned or are not substantiated by the record.

Is a juvenile who is convicted of a crime entitled to credit for time spent in juvenile detention facilities?

The defendant was given credit for 43 days spent in the Wayne County jail. He was not given credit for any time spent in the juvenile detention facility.

MCLA 769.11b; MSA 28.1083(2), reads as follows:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

We have no precedent for this particular situation in Michigan. However, in *People v Gravlin*, 52 Mich App 467; 217 NW2d 404 (1974), the Court stated on page 469:

"This statutory provision is remedial and should be liberally construed * * * .

"A 'jail' means a place of confinement and a mental hospital is such a place."

We think a juvenile detention facility is such a

place and the defendant should receive credit for time spent in such an institution.

Defendant has failed to submit any record showing that he spent any time in a juvenile detention center. However, from the facts of the case, it may be conjectured that he might have spent time at the facility.

These cases are remanded to the trial court for a determination and computation of time spent by the defendant in juvenile detention in connection with these cases.

If the trial court determines that the defendant was confined in the juvenile detention facility as a result of these cases, the trial judge shall credit such time to the defendant's benefit.