PEOPLE v STANGE

Docket No. 78-4544. Submitted June 22, 1979, at Detroit.—Decided August 6, 1979.

Kevin J. Stange was convicted, on his plea of guilty, of assault with intent to commit armed robbery. The Genesee Circuit Court, Harry B. McAra, J., ordered him to a drug rehabilitation center and delayed sentencing until such time as the defendant graduated from the center or was allowed to leave by the probation officer. The defendant left the center 12 days earlier than ordered and was arrested and jailed the following day. He was then sentenced for the assault, without credit for time spent in the rehabilitation center. Defendant appeals, alleging that he should have been given credit for 170 days spent at the center. *Held:*

The defendant was at the rehabilitation center in circumstances that amounted to confinement. He therefore comes within the statute which requires that a defendant be given credit for time served in jail before sentence, and is entitled to credit for the 170 days spent at the center.

Reversed and remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — CREDIT AGAINST SENTENCE — STATUTES.

The statute which provides that a defendant is to be credited with jail time served prior to sentencing is remedial in nature and is to be construed liberally (MCL 769.11b; MSA 28.1083[2]).

2. CRIMINAL LAW — SENTENCING — CREDIT AGAINST SENTENCE — STATUTES.

A defendant must be given credit against his sentence for time spent in confinement pursuant to governmental authority,

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 545, 545.5 (supp).

73 Am Jur 2d, Statutes § 278.

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

[2] 21 Am Jur 2d, Criminal Law §§ 545, 545.5 (supp).

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

regardless of the place of confinement; therefore, a defendant must be given credit for time spent in a drug rehabilitation center, where he was sent to the center prior to sentencing under circumstances in which he was incarcerated before being transported to the center and, once there, not allowed to leave, and was arrested when he left earlier than ordered by the court (MCL 769.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Peter Anastor,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

D. C. RILEY, J. We answer a question of first impression: whether a defendant, ordered by the trial court to a drug rehabilitation center pursuant to the delayed sentencing statute, MCL 771.1; MSA 28.1131, is entitled to credit against his ultimate sentence for time expended therein?

Defendant pled guilty on September 19, 1977, to assault with intent to commit armed robbery, MCL 750.89; MSA 28.284. He remained incarcerated until December 15, 1977, at which time the lower court invoked the delayed sentencing statute, see *infra,* and directed defendant to the Odyssey-Rubicon House, a drug rehabilitation center. Sentencing would occur on June 21, 1978. Defendant was placed in the custody of the Genesee County jail until the probation department transported him to the center.

On June 9, 1978, the defendant left the center without permission. He was picked up by the police a day later and put in the Genesee County

* Circuit judge, sitting on the Court of Appeals by assignment.

jail. On June 21, 1978, the lower court sentenced
defendant to 6 to 15 years in prison with credit for
302 days served in jail awaiting sentence. This
credit did not include the 170 days spent at the
center. Defendant stated that he left the center
with only a few days left because of a strenuous
36-hour marathon session where no one was per-
mitted to sleep. Defendant now appeals this denial
of credit.

In pertinent part, MCL 771.1; MSA 28.1131
provides as follows:

"* * * in an action in which the court may place the
defendant on probation, it may delay the imposing of
sentence of the defendant for a period of not to exceed 1
year for the purpose of giving the defendant an oppor-
tunity to prove to the court his eligibility for probation
or other leniency compatible with the ends of justice
and the rehabilitation of the defendant. * * * The delay
in passing sentence shall not deprive the court of
jurisdiction to sentence the defendant at any time
during the extended period."

MCL 769.11b; MSA 28.1083(2) allows credit for
pre-sentence incarceration under certain circum-
stances:

"Whenever any person is hereafter convicted of any
crime within this state and has served any time in jail
prior to sentencing because of being denied or unable to
furnish bond for the offense of which he is convicted,
the trial court in imposing sentence shall specifically
grant credit against the sentence for such time served
in jail prior to sentencing."

The prosecution seeks to analogize the present
case to decisions which hold that time spent in jail
as part of a sentence of probation should not be
credited in the event that probation is revoked.

*People v Lacy,* 54 Mich App 471; 221 NW2d 199 (1974), *People v Westman,* 53 Mich App 662, 666; 220 NW2d 169 (1974), *People v Jaynes,* 23 Mich App 360; 178 NW2d 558 (1970). For two reasons, we do not agree.

First, the probation statute at issue[1] evinces a legislative intent to permit, upon revocation of probation, the imposition of full punishment absent consideration of any previously imposed penalty. Second, under the probation statute, a defendant has been already sentenced at the time of his initial imprisonment, whereas, under the delayed sentencing statute, a defendant is not originally sentenced until a later date. Significantly, the crediting statute applies to the time spent in jail *prior* to sentencing, MCL 769.11b. However, jail time served as part of probation is *subsequent* to sentencing and, therefore, not entitled to any legislatively mandated credit upon revocation.

In the case at bar, the transcript reveals that defendant was not allowed bond and was ordered to the Odyssey-Rubicon House until graduation or express permission of the probation officer. The trial court delayed sentence until that time. As defendant comes, in this respect, within the ambit of the crediting statute, we must decide whether his term at the drug rehabilitation center is equivalent to time served in a "jail".

Although no cases precisely decide the present issue, this Court has created an exiguous patchwork of other factual circumstances to which the crediting statute has been held to apply.

In *People v Gravlin,* 52 Mich App 467; 217

---

[1] MCL 771.4; MSA 28.1134 provides that:

"In case such probation order is terminated or revoked the court may proceed to sentence such probationer *in the same manner and to the same penalty as it might have done if such probation order had never been made.*" (Emphasis supplied.)

NW2d 404 (1974), defendant was adjudicated incompetent to stand trial and committed to the Ionia State Hospital. Three years later, he was tried and convicted for the crime. The lower court refused to give him credit against the eventual sentence. This Court reversed, holding that under a different statute,[2] defendant was entitled to credit for time spent in the hospital. However, the Court further noted that the crediting statute here in issue dictated the same result.

Similarly, *People v Ervin Thomas,* 58 Mich App 9; 226 NW2d 734 (1975), held that defendant deserved credit for time spent in custody in a juvenile detention facility.

The crediting statute is remedial in nature, and as such deserves liberal construction in order to effectuate the legislative purpose. *Brinson v Genesee Circuit Judge,* 403 Mich 676, 686; 272 NW2d 513 (1978), *People v Lyles,* 76 Mich App 688, 690; 257 NW2d 220 (1977), *People v Groeneveld,* 54 Mich App 424, 427; 221 NW2d 254 (1974). *Gravlin, supra,* at 469 stated that:

> "[a] 'jail' means a place of confinement * * *. A defendant must be given credit against his sentence for time spent in confinement pursuant to governmental authority, regardless of the place of confinement."

Here, we believe that the circumstances under which defendant was ordered to the rehabilitation center amounts to a confinement analogous to jail. Defendant was placed in the Genesee County jail until he was transported to the center. Once there he was not permitted to leave except for one day

---

[2] MCL 767.27a(9); MSA 28.966(11)(9), since repealed. See MCL 330.2042; MSA 14.800(1042).

of family visitation. When defendant left the center 12 days earlier than ordered by the lower court, he was arrested.

Hence, we conclude, for all the above reasons, that defendant must be given credit against sentence for the 170 days spent at the Odyssey-Rubicon House.

Reversed and remanded for resentencing.