ED JACKAMONIS, Speaker Wisconsin State Assembly
The Assembly Committee on Organization has requested my opinion on the meaning of the terms "jail" and "prison" as used in sec. 46.03(22)(a), Stats., which provides:
 "Community living arrangement" means any of the following facilities licensed or operated, or permitted under the authority of the department: child welfare agencies under s. 48.60, group homes for children under s. 48.02 (7s) [48.02 (7)] and community-based residential facilities under s. 50.01; but does not include day care centers, nursing homes, general hospitals, special hospitals, prisons and jails.
Your first inquiry is whether a community-based residential facility, as defined in sec. 50.01(1), Stats., would be considered a "jail" or "prison" if used for the placement of adult criminal offenders in the custody or control of the State Department of Health and Social Services or the county probation department and of the statuses listed below:
a. Those placed on probation in lieu of sentence.
 b. Those placed on probation under stayed sentence.
 c. Those serving sentences, with or without work release privileges.
 d. Those in community correctional residential centers prior to parole release.
 e. Those on parole release. *Page 53 
 f. Those taken into custody for alleged violation of the conditions of parole release.
Your second inquiry is whether a licensed child welfare agency, facility, or group foster home under sec. 48.02(7), Stats., would be considered a "jail" or "prison" if used for the placement of juvenile offenders of the statuses listed below:
 a. [Those] taken into custody for alleged violation of a criminal statute and detained under s. 48.207 or 48.208 pending a probable cause or plea hearing;
 b. [Those] taken into custody for alleged violation of the terms of an order of supervision entered by the court in a previous delinquency proceeding against the child and detained under s. 48.207 or 48.208 pending a probable cause or plea hearing;
 c. [Those] under an informal disposition or consent decree arising out of an alleged violation of a criminal statute;
 d. [Those] adjudicated delinquent and placed under supervision by the dispositional order of the court under s. 48.34 (3) or (10), Wis. Stats.; or
 e. [Those adjudicated delinquent and placed under supervision] by the Department of Health and Social Services, if custody has been transferred to it under s. 48.34 (4m), Wis. Stats.; or
 f. [Those] on after care or field supervisor status or pending proceedings to revoke such status under s. 48.357 (4), Wis. Stats.?
 Discussion
Section 46.03(22)(a), Stats., provides that prisons and jails are excluded from the definition of "community living arrangement." Although the terms "prison" and "jail" are universally used, few courts have had occasion to consider what factors cause an institution to be considered a jail or prison.
Black's Law Dictionary defines "prison" as "a building or other place for the confinement or safe custody of persons, whether as a punishment imposed by the law or otherwise in the course of the *Page 54 
administration of justice." Black's Law Dictionary 1358 (4th ed. 1951). The same source gives the following definition of "jail": "a prison; a building designated by law, or regularly used, for the confinement of persons held in lawful custody." Id. at 968.
The Wisconsin Supreme Court's definition of "jail" employs situs as a starting point. In Grab v. Lucas, 156 Wis. 504, 507,146 N.W. 504 (1914), the court said:
 [T] he primary function of a jail is a place of detention for persons committed thereto under sentence of a court [;] they are also the proper and usual places where persons under arrest or awaiting trial are kept till they appear in court and the charge against them is disposed of.
The traditional judicial approach, however, has used a place or building as merely a point of departure in defining "prison" and "jail": "[T] he terms prison or jail have received at law a broader meaning than the generally accepted definition as a place or building for confinement." People v. Noble, 207 N.Y.S.2d 467,468-69, 26 Misc. 2d 903, 904 (1960). Thus, simply using buildings for the confinement of persons in the course of the administration of justice is not necessarily sufficient to result in the buildings becoming prisons or jails.
The necessity for a definition extending beyond place of confinement was also recognized by the California Supreme Court in Ex Parte Gilliam, 26 Cal. 2d 860, 161 P.2d 793 (1945). The court discussed the character of the institution, its inmates, and the goal of the institution as other factors to be examined in determining the status of an institution. Applying these factors in the present matter, results in the conclusion that community living arrangements should not be viewed as prisons or jails, when used to house persons of the statuses outlined in your inquiry. Persons in penal institutions normally are at some stage of a criminal proceeding, see secs. 53.31, 53.06, and 48.34(4m), Stats. By contrast, persons in community-based residential facilities are adults "who . . . cannot or do not wish to live independently yet do not need the services of a nursing home or hospital," Wis. Adm. Code section HSS 3.03(3) and who possess primarily medical, social, or developmental disabilities, Wis. Adm. Code section HSS 3.05(32). Additionally, juveniles who have not been adjudged delinquent are dealt with by a subunit of the Department of *Page 55 
Health and Social Services distinct from the subunit administering corrections, sec. 48.345, Stats.
Moreover, the purpose of community living arrangements supports the conclusion that they are not necessarily converted to prisons or jails by the actions posed in your inquiry. Section 50.01(1), Stats., defines a community-based residential facility as "a place where [three] or more unrelated adults reside in which care, treatment or services above the level of room and board but not including nursing care are provided to persons . . . as a primary function of the facility." This primary function is not necessarily changed as a result of housing persons of the categories you have cited. So long as the provision of "care, treatment or services above the level of room and board" remains the primary purpose, these institutions should not be considered "prisons" or "jails."
Similarly, the purpose of child welfare agencies, facilities, and group foster homes is to provide care, protection, wholesome mental and physical development and rehabilitation. Sec. 48.01, Stats.
This purpose has not changed significantly as a result of placing juvenile offenders in community living arrangements under the circumstances stated in your second inquiry. That the Legislature was also of this opinion is underscored by the provisions of sec. 48.34, Stats., which authorizes placement of adjudged juvenile delinquents in institutions that also house nondelinquents. Thus, so long as the statutorily defined purposes of community living arrangements do not change, they will continue to be distinguishable from penal institutions.
In Wisconsin, the primary function of a jail has long been viewed as detention of persons committed by the court. Grab v.Lucas, 156 Wis. 504, 146 N.W. 504 (1914). Section 53.06, Stats., designates prisons as the places to which convicted and sentenced persons are to be delivered. The primary function is confinement. These functions of prisons and jails clearly are unlike those of community living arrangements, and thus serve to prevent the latter from being viewed as penal institutions.
There is additional support for this conclusion. Section 53.01, Stats., lists several correctional institutions, and provides that they are state prisons. None of the community living arrangements about which you have inquired are designated in the list set out in sec. *Page 56 
53.01, Stats. In construing statutes, "[e]xpression of one thing excludes another." K. Llewellyn, The Common Law Tradition at 526 (1960).
Nor are community living arrangements jails. Section 53.30, Stats., provides that "[a]s used in ss. 53.30 to 53.43, the word `jail' includes municipal prisons and rehabilitation facilities established by s. 59.07(76) by whatever name they are known." (Although the statutory sections in your inquiries do not fall between secs. 53.30 and 53.43, Stats., as the definition in sec. 53.30, Stats., envisions, the definition would nonetheless seem relevant to your inquiries. "To effect its purpose a statute may be implemented beyond its text." K. Llewellyn, The Common LawTradition at 522 (1960).) Section 59.07(76), Stats., cited in the statutory definition of "jail," provides that county boards may:
 Establish and maintain rehabilitation facilities in any part of the county under the jurisdiction of the sheriff as an extension of the jail, or separate from the jail under jurisdiction of a superintendent, to provide any person sentenced to the county jail with a program of rehabilitation for such part of his sentence or commitment as in the opinion of the court will be of rehabilitative value to such prisoner.
As I concluded in the previous paragraph, community living arrangements are not prisons, so the question becomes whether they are rehabilitation facilities under sec. 59.07(76), Stats., since this is the only other type of institution designated "jail" in sec. 53.30, Stats. The answer would seem to be no. Section 59.07(76), Stats., provides that rehabilitation facilities are under the jurisdiction of superintendents or sheriffs, and these officers are personnel of the prison and jail systems, see, e.g., secs. 53.04 and 53.33, Stats. I assume that the community living arrangements about which you inquire are not under the control of superintendents or sheriffs, and this fact would further distinguish the institutions from prisons and jails.
Moreover, several Wisconsin statutes envision some mixing of persons of different types. See, e.g., sec. 53.19, Stats., which provides that the Department of Health and Social Services, which has jurisdiction of the institutions and persons referred to in your inquiries, "may use any of its facilities for the temporary detention of persons in *Page 57 
its custody"; sec. 48.34, Stats., which authorizes the placement of adjudged juvenile delinquents in institutions housing primarily nondelinquent children. There is no apparent statutory indication that the Legislature envisioned the result of such mixing as necessarily being the conversion of community living arrangements into penal institutions.
In my opinion, for the reasons discussed above, community living arrangements need not necessarily be viewed as prisons or jails under the circumstances you pose. So long as those elements that cause institutions to be viewed as prisons and jails — the presence of a resident population most of whom are in some stage of the criminal justice system; a primarily penal rather than a welfare institutional function — are absent, an institution should be considered nonpenal.
The corollary of this conclusion, however, is that if the community living arrangements lose their primarily nonpenal characteristics, they may no longer be viewed as nonpenal. Thus, for example, while temporary placement of juvenile delinquents and adult criminal offenders in community living arrangements apparently falls under the authorization in sec. 53.19, Stats.,permanent placement — in addition to being seemingly unauthorized could convert a nonpenal function into a penal one, making "jail" or "prison" appear to be the appropriate label. Similarly, the presence, temporarily or permanently, of asignificant number of the categories of persons listed in your inquiries would seem to impact on the facet of the definition of "prison" and "jail" involving the character of the institution and its inmates.
Thus, in my opinion, placement of adult criminal offenders or juvenile offenders in community-based residential facilities or child welfare agencies facilities or group foster homes, under the conditions outlined in your inquiry, would not render such facilities "prisons" or "jails." Only if the placement contravened an apparent legislative attempt to distinguish, by function and purpose, community-based residential facilities or juvenile facilities from prisons or jails would these facilities properly be viewed as penal institutions.
BCL:CDH:scj *Page 58