**STATE of Tennessee, Appellee,**

v.

**Barry GREY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 21, 1980.

John C. Zimmerman, Asst. Atty. Gen., Nashville, John E. Rodgers, Sr., Asst. Dist. Atty. Gen., Nashville, for appellee.

Patricia L. Newton, Asst. Public Defender, Nashville, for appellant.

OPINION

DAUGHTREY, Judge.

This interlocutory appeal presents the question of whether a defendant who is

being detained in a local jail prior to trial can be transferred to the state penitentiary for safekeeping under T.C.A. § 41–1125. That statute provides:

> In all cases where the jail in which a prisoner is confined becomes insufficient from any cause, any circuit or criminal judge, upon the application of the sheriff and proof of the fact, may order the prisoner, by mittimus or warrant, to be removed to the nearest sufficient jail.

The parties have stipulated that the defendant was arrested on October 17, 1979, and again on February 20, 1980, and was incarcerated in the Davidson County jail when he was unable to post bond. On March 14, 1980, the State filed a motion seeking to have the defendant transferred to the state penitentiary, the main branch of which is located in Davidson County. According to the stipulation filed in this case,

> . . . [a]t the hearing of this motion, in the afternoon of March 14, 1980, the State presented as a witness, Mr. David Raybin, Assistant District Attorney General, who had received information concerning a prospective escape by the defendant from jail. . . . Mr. Raybin, over objection of defense counsel, testified as to the substance of his conversation with other people regarding information he had received. A letter concerning a past escape attempt by the defendant was also introduced.

At the conclusion of the hearing the trial judge determined, again quoting from the stipulation, "that the Davidson County Jail was insufficient to safely keep [the defendant] in custody, as the Court found he was an escape risk." After denying a motion to reconsider, the trial judge later entered an order granting interlocutory appeal by permission, as authorized by Rule 9, Tennessee Rules of Appellate Procedure.

■ Rule 9 gives this court the discretion to join in the trial court's order and permit interlocutory review in this case. We conclude that such review is justified under the provision in Rule 9(a)(1) allowing interlocutory appeal if necessary "to prevent irrepa-

rable injury . . . [where] review upon entry of final judgment will be ineffective." Moreover, in light of the need to avoid further delay in this matter, we have dispensed with the normal docketing procedures set out in Rule 9(e) and have elected to treat the matter on its merits.

T.C.A. § 41–1125, set out above, is one of a series of provisions which permit the transfer of "prisoners" for safekeeping. T.C.A. § 41–1123 authorizes the sheriff to convey a prisoner to the "nearest sufficient jail in the state" whenever "the jail of his county is insufficient for the [prisoner's] safekeeping." This authority is subject to the securing of a court order ("mittimus or warrant") as required by § 41–1125. That the drafters of this scheme intended the term "jail" to mean "county jail," as opposed to the state penitentiary, can readily be seen by construing §§ 41–1123 and 41–1125 *in pari materia* with §§ 41–1124, 41–1126 and 41–1128. T.C.A. § 41–1124 permits a committing magistrate, upon a showing that the local jail is insufficient, to order the prisoner to be taken "to the nearest sufficient *county jail* (emphasis supplied)." And in § 41–1126, the "sheriff is authorized to employ as many as two (2) persons, if necessary, in removing a prisoner under §§ 41–1123—41–1125, and they shall be each allowed for such services *as is provided for similar services in conveying convicts to the penitentiary* (emphasis supplied)." Costs are allowed, under § 41–1128, whenever the court pursuant to § 41–1125 "orders the prisoner to be carried *to the jail of another county* . . . (emphasis supplied)."

By contrast to these provisions governing the transfer of prisoners from one county jail to another, separate authority for the transfer of "convicts to the penitentiary" is found in Chapter 40, Title 31, governing execution of judgment following conviction in criminal cases. Thus, T.C.A. § 40–3108 provides:

> In counties where, because of the insufficiency of the county jail, or for any other cause, the court may be of opinion that the safekeeping of the convicts may re-

quire it, the court may order the immediate removal of convicts to the penitentiary or to the nearest branch prison, at the cost of the state, before the expiration of the time allowed to remove such convicts. *See, Chisom v. State,* 539 S.W.2d 831 (Tenn. Cr.App.1976), upholding the trial court's order removing a convicted rapist to the state penitentiary pending appeal.

Finally, it must be noted that T.C.A. § 41–1103 provides that "[i]n addition to convicts sentenced to imprisonment in the county jail, the jail is used as a prison for the safekeeping or confinement of the following persons: (1) persons committed for trial for public offenses . . . ." Thus the Code appears to draw a sharp distinction between those persons convicted of a criminal offense ("convicts") and those who are merely "prisoners" (including persons being held for trial). As noted above, the transfer of "convicts" to the penitentiary for safekeeping is authorized by a statute wholly separate from that authorizing transfer of prisoners to the "nearest sufficient jail" for the same purpose.

While there is no explicit definition of "jail" or "penitentiary" contained in the Code, we think it is clear from a reading of the relevant statutes that the General Assembly did not intend to include the state penitentiary within the meaning of the term jail, as that term is used in T.C.A. §§ 41–1123 *et seq.* We thus conclude that an order such as the one entered in this case would not be justified unless the transferring court found that there was *no* nearby jail sufficient to contain the prisoner safely.

There is no such showing in this record. In fact, the trial judge's order does not include an explicit finding that the local jail is insufficient for this defendant's safekeeping, but recites only that he is a "security risk." Furthermore, it appears that this conclusion was based on hearsay evidence.

The defendant here, like all those charged with a crime but not convicted, is presumed innocent until proven guilty. The stigma attached to being an inmate in the state penitentiary should only be imposed upon him by specific authorization of state law. Our research fails to reveal any such authority.

This matter is remanded to the trial court for further proceedings consistent with this opinion. The existing transfer order must be vacated and the defendant returned to the Davidson County jail. If the trial court determines, based on competent proof, that the local facility is not sufficient for the defendant's safekeeping, the court shall then proceed to determine the nearest adequate county jail and order his transfer forthwith.

CORNELIUS and SCOTT, JJ., concur.