PEOPLE v CHAMBERLAIN

Docket No. 72015. Submitted April 11, 1984, at Grand Rapids.—
Decided August 20, 1984. Leave to appeal applied for.

Billie L. Chamberlain was convicted, on his plea of guilty, of
attempted carrying a dangerous weapon in an automobile. The
Barry Circuit Court, Hudson E. Deming, J., sentenced defen-
dant to a period of probation, the first year of which was to be
served in the county jail. Defendant received 195 days credit
for time served in jail since his arrest and, in addition, a
portion of the one-year jail term was to be suspended upon the
defendant's enrollment in a residential treatment facility for
young offenders, which had been ordered earlier as a probation
condition on a conviction for another offense. Defendant ap-
pealed, alleging that the time spent in the program at the
residential treatment facility should be considered as time
spent in the county jail and that, when so considered, defen-
dant's time in jail exceeds the statutory 12-month limitation on
incarceration as a condition of probation. *Held:*

The term "county jail" in the probation statute is to be
construed narrowly in light of the legislative purpose for impos-
ing a limitation on the time which a probationer may be
ordered to be incarcerated. The probation statute is distinguish-
able in purpose from the sentence credit statute, which has
been construed liberally. Thus narrowly construed, the term
"county jail" in the probation statute does not include a resi-
dential treatment facility.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 591, 607.
73 Am Jur 2d, Statutes § 296.

[2, 3] 21 Am Jur 2d, Criminal Law § 548.
Right to credit for time spent in custody prior to trial or sentence.
77 ALR3d 182.

[3] Defendant's right to credit for time spent in halfway house,
rehabilitation center, or other restrictive environment as condi-
tion of probation. 24 ALR4th 789.
Propriety of conditioning probation on defendant's serving part of
probationary period in jail or prison. 6 ALR4th 446.

1. CRIMINAL LAW — PROBATIONERS — SENTENCING — COUNTY JAIL.

The term "county jail" as used in the statute allowing probationers to be "imprisoned in the county jail" for up to 12 months is to be construed narrowly and limited to its common meaning absent a clear indication of a contrary legislative intent (MCL 771.3; MSA 28.1133).

2. CRIMINAL LAW — SENTENCING — SENTENCE CREDIT.

The statute providing for sentence credit for time spent in jail awaiting trial is remedial in nature and is to be construed liberally; thus, time spent in confinement prior to trial, even though not in the county jail, is generally to be credited when a defendant is sentenced (MCL 769.11b; MSA 28.1083[2]).

3. CRIMINAL LAW — PROBATIONERS — SENTENCING — COUNTY JAIL — RESIDENTIAL TREATMENT FACILITIES.

Time spent by a probationer in a residential treatment facility is not time spent in the "county jail" for purposes of the statutory limit of 12 months for which a defendant may be confined to the county jail as a condition of probation (MCL 771.3; MSA 28.1133).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy A. H. Hughes,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Richard B. Ginsberg),* for defendant on appeal.

Before: R. M. MAHER, P.J., and WAHLS and J. A. HATHAWAY,* JJ.

J. A. HATHAWAY, J. Defendant appeals as of right, claiming that the sentence he received for his criminal conviction was unauthorized by law.

Defendant was charged with carrying a dangerous weapon in an automobile, MCL 750.227; MSA 28.424. Pursuant to a plea agreement, he pled

* Circuit judge, sitting on the Court of Appeals by assignment.

guilty to attempted carrying a dangerous weapon in an automobile. See MCL 750.92; MSA 28.287.

The court sentenced defendant to a period of probation of four years and five months from and including the date of sentencing. It ordered defendant to serve the first year of his probation in the county jail. Defendant was to receive credit for 195 days served in jail since the date of his arrest. The judge stated that part of the one-year jail sentence was to be suspended at the time defendant was released from jail to enroll in the Alternative Directions program in Grand Rapids. Alternative Directions was a residential treatment facility which provided younger offenders with a structured environment. Defendant had been ordered to enroll in the program in accordance with a probation order entered earlier by the same court on a conviction for another offense. The court directed defendant to remain in the program and observe all of its rules and regulations until otherwise authorized by his probation agent.

On appeal, defendant claims that the sentence exceeds that allowed by statute. His claim is based on his argument that time spent in the Alternative Directions program must be considered as time spent in the county jail. The statute governing conditions of defendant's probation allows a court to sentence a probationer to be "imprisoned in the county jail for not more than 12 months". MCL 771.3(2)(a); MSA 28.1133(2)(a). Defendant claims, without challenge, that he has spent more than one year in jail if the time he has been in the Alternative Directions program is counted as time in jail.

Defendant claims that his case is analogous to that of *People v Stange,* 91 Mich App 596; 283 NW2d 806 (1979). In *Stange, supra,* the trial judge

invoked the delayed sentencing statute, MCL 771.1; MSA 28.1131. He directed defendant to reside at a drug rehabilitation center until he "graduated" from there or received permission to leave from a probation officer. Defendant left without permission and was arrested. He was sentenced to prison with credit for time spent in jail awaiting sentencing, but not for time spent at the rehabilitation center.

On appeal, this Court ruled that credit must be given for time spent in the rehabilitation center. It relied on the tradition of liberal construction of the statute allowing credit for pre-sentence incarceration, MCL 769.11b; MSA 28.1083(2). The Court noted the highly restricted living environment at the drug rehabilitation center and held that it should be equated to a jail for purposes of the sentence credit statute.

Defendant argues that the term "county jail" in the statute governing conditions of probation should be construed by this Court like the term "jail" in the sentence credit statute was construed in *Stange, supra.* He contends that both terms should be interpreted broadly to include a residential program in which a probationer's freedom is substantially restricted.

We disagree with defendant's claim concerning the proper interpretation of the term "jail" in the statute governing conditions of probation. Its use is not analogous to its use in the sentence credit statute. A comparison of the statutory language alone suggests differences in meaning which are clearly borne out by an analysis of the legislative intent behind each provision.

MCL 771.3; MSA 28.1133 states that a court may require a probationer to "be imprisoned in the county jail" for not more than 12 months.

MCL 769.11b; MSA 28.1083(2), in contrast, grants credit against a sentence for "time served in jail" for any person sentenced who "has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted". The term "county jail" has a plain and common meaning. Reference to *"the* county jail" indicates that, in general, only one place satisfies the statutory definition in each case.

Defendant's argument would be far more persuasive if the Legislature had used the more general term "jail", rather than referring specifically to "the county jail". While "jail" might be considered a general term, "county jail" is not. The Arizona Supreme Court, in *Goodman v State,* 96 Ariz 139, 141; 393 P2d 148 (1964), stated:

"If the word 'jail' had been used alone, we might be justified in giving it its broadest common law meaning. Here the reference is to 'county jail', a much more definite term, and is used in contrast to 'state prison' in A.R.S. § 13-392, which punishes escapes from that institution."

That court held that a jail prisoner, who had been transferred to a hospital and left the hospital, could not be prosecuted for escaping from a county jail. See also *State v Grey,* 602 SW2d 259 (Tenn Crim App, 1980).

The term "jail" has received at law a broader meaning than the generally accepted definition as a place or building for confinement. *People ex rel Broderick v Noble,* 26 Misc 2d 903; 207 NYS2d 467 (Sup Ct, 1960). The term "jail" (but not the term "county jail") has frequently been broadly interpreted in order to effectuate the purpose of the statute in which it appears. *Broderick, supra,* p 904. See also *People ex rel Cohalan on Behalf of*

*Buckner v Warden,* 96 NYS2d 749 (Sup Ct, 1950); *Marsh v Henderson,* 424 SW2d 193 (Tenn, 1968); *People v Carter,* 117 Cal App 3d 546; 172 Cal Rptr 838 (1981); *State v Mackley,* 220 Kan 518; 552 P2d 628 (1976).

We conclude that "county jail" generally deserves a much narrower construction than the term "jail". It should be limited to its common meaning absent some clear indication of a contrary legislative intent.

The sentence credit statute uses the term "jail" in a phrase which clearly reflects a primary concern with persons who, prior to trial, are unable to furnish bond, resulting in their confinement. The sentence credit statute is remedial in nature and deserves liberal construction in order to effectuate its legislative purpose. *Brinson v Genesee Circuit Judge,* 403 Mich 676, 686; 272 NW2d 513 (1978). This Court has held that the primary purpose of the sentence credit statute is that of preventing the unnecessary chilling of the exercise of the right to trial by persons who are incarcerated while awaiting trial. *People v Coyle,* 104 Mich App 636, 645-646; 305 NW2d 275 (1981); *People v Chattaway,* 18 Mich App 538, 542; 171 NW2d 801 (1969). The statute has also been applied to limit the duration of confinement of a probationer who serves time in jail as a condition of probation, violates probation, and is sentenced to prison. In *People v Sturdivant,* 412 Mich 92; 312 NW2d 622 (1981), the Supreme Court limited the total sentence which might be imposed to the maximum sentence allowable under the statute. Its decision was not based on its interpretation of legislative intent, but on the constitutional ban on double punishment. *Sturdivant, supra,* p 96.

The liberal construction of the sentence credit

statute has led this Court to conclude that defendants are entitled to credit for time spent "in jail" even though the time was not spent in the "county jail". *Stange, supra* (residential substance-abuse rehabilitation program); *People v Gravlin,* 52 Mich App 467; 217 NW2d 404 (1974) (mental hospital); *People v Ervin Thomas,* 58 Mich App 9; 226 NW2d 734 (1975) (juvenile detention facility). In other jurisdictions with similar sentence credit statutes, courts have applied the same rule of liberal construction to grant credit for time spent in confinement, but not in jail. *People ex rel Cohalan, supra* (boat in transit); *People ex rel Broderick, supra* (hospital); *Marsh, supra* (insane asylum); *Mackley, supra* (mental hospital). See generally Anno: *Right to Credit for Time Spent in Custody Prior to Trial or Sentence,* 77 ALR3d 182, § 16, pp 260-265.

Defendant must show that the same rule of liberal construction applicable to the sentence credit statute is applicable to the statute governing conditions of probation to merit relief on his claim.

The primary purpose supporting liberal construction of the sentence credit statute, to prevent the chilling of a pretrial detainee's right to trial, is not relevant to an analysis of the statute governing conditions of probation. A defendant will receive full credit for his time spent in confinement prior to trial regardless of the duration of sentence which may be imposed. This will alleviate fully the chilling effect on the right to trial which the sentence credit statute was intended to prevent.

Defendant's argument is based on the contention that the one-year limitation on the judge's authority was imposed in order to prevent excessive sentences. This claim cannot be sustained.

The purpose of the limitation on the length of

jail sentence as a condition of probation is clearly different from the purpose of a limitation on the duration of a prison sentence which may be imposed for a specific offense. The same limitation, 12 months, is imposed on a jail term as a condition of probation regardless of the severity of the offense. This indicates that the time limitation on jail as a condition of probation was not intended to limit the severity of any particular sentence.

We believe that the primary reason for the 12-month limitation was to allocate responsibility for persons sentenced to confinement between the state prison system and the system of county jails. Another purpose may well have been to prevent persons from serving long periods of incarceration in county jails in which access to rehabilitation programs is considerably less than that for state prisoners. The maximum jail sentence which may be imposed as a condition of probation was extended from 6 months to 12 by 1980 PA 514, effective March 31, 1981. The bill analysis of the proposed act made by the House Legislative Analysis Section noted that the "bill would encourage judges to make use of probation in cases where they felt that six months would be too short for the offender but that twelve months would be sufficient". This encouragement, it was thought, would "work to lessen the pressures on the state's overcrowded prisons". House Legislative Analysis Section, Bill Analyses—80th Session, HB 4088 2nd analysis (5-22-80). The limitation on the duration of sentences of imprisonment in the county jail was not directed toward the concern that probationers might be treated too harshly. Certainly, no such concern was present when the limitation on jail time was doubled by the amendment to the statute in 1980.

Defendant's broad interpretation of "jail" would not promote the intent of the Legislature embodied in the probation statutes. It would limit the discretion of a trial judge who wished to make use of residential treatment facilities as alternatives to prison. The statutes governing probation indicate a legislative intent to allow sentencing judges a significant amount of flexibility in tailoring conditions of probation to the needs of the individual offender, with due regard for the interests of society. A judge who considers treatment in a residential facility as a condition of probation knows that neither success, nor the duration of treatment if success is to be had, are susceptible of accurate prediction. A definite, and relatively short (especially if a jail sentence is also imposed), limitation on the duration for which residence may be required might limit the utility or reduce the attractiveness of such "alternative sentencing" options. The result might well be that offenders in doubtful cases would be more likely to go to prison.

We conclude that the meaning of the term "county jail" used in the statute governing conditions of probation is narrow and does not include residential treatment facilities. Both the language of the statute and the underlying legislative intent support this conclusion and distinguish this case from one involving the sentence credit statute.