PEOPLE v WAGNER

Docket No. 127599. Submitted February 12, 1992, at Detroit. Decided
April 20, 1992, at 9:30 A.M.

Jay L. Wagner pleaded nolo contendere in the Monroe Circuit
Court, William F. LaVoy, J., to a charge of breaking and
entering an unoccupied dwelling and was sentenced to five
years' probation and 365 days in the county jail. He thereafter
pleaded guilty of probation violations twice and, following his
request to be permitted to participate in a special alternative
incarceration program known as boot camp, was sentenced to
365 days in the county jail, with 310 days credit for time
served, and was ordered to remain in jail until there was an
opening in the boot camp program. He was accepted into the
program shortly thereafter, but voluntarily left before gradua-
tion, and thereafter was found guilty of violating his probation
and sentenced to five to ten years' imprisonment. The defen-
dant appealed.

The Court of Appeals *held:*

1. The court properly found that the defendant was not
entitled to sentence credit for time spent in the boot camp
program because his participation was not due to being denied
or unable to furnish bond for the offense of which he was
convicted, a requirement for credit under the sentence credit
statute, MCL 769.11b; MSA 28.1083(2).

2. The case must be remanded to permit the court to deter-
mine whether the defendant's participation in the boot camp
program was the equivalent of confinement in jail. Sentence
credit for time spent in jail as a condition of probation when
the defendant is later sentenced to prison upon revocation of
probation is required by the Double Jeopardy Clauses of the
United States and Michigan Constitutions only for confine-
ments amounting to time spent in jail where the purpose of the

REFERENCES

Am Jur 2d, Criminal Law §§ 382, 383, 525, 535, 546, 548, 552, 556,
578, 590; Pardon and Parole § 102; Penal and Correctional Insti-
tutions §§ 1, 2, 58 *et seq.*

Defendant's right to credit for time spent in halfway house, rehabil-
itation center, or other restraining environment. 24 ALR4th 789.

probationary confinement is incarceration, rather than treatment and rehabilitation.

3. The court properly found that the sentencing guidelines do not apply to sentences imposed after a defendant is convicted of violating probation.

4. Remand for resentencing pursuant to the principle of proportionality announced in *People v Milbourn,* 435 Mich 630 (1990), is appropriate.

Conviction affirmed and case remanded.

1. SENTENCES — SENTENCE CREDIT — PRESENTENCING CONFINEMENT — INABILITY TO POST BOND.

A showing of presentence confinement due to inability to post bond is a prerequisite to an award of sentence credit under the sentence credit statute (MCL 769.11b; MSA 28.1083[2]).

2. SENTENCES — PROBATION VIOLATIONS — SENTENCE CREDIT.

Double jeopardy principles require an award of credit for time spent in jail as a condition of probation where the defendant is later sentenced to prison upon revocation of probation; sentence credit is mandated only for confinements amounting to time spent in jail as that term is commonly used and understood, and the purpose of the probationary confinement must have been incarceration, rather than treatment and rehabilitation (US Const, Am V; Const 1963, art 1, § 15).

3. SENTENCES — PROBATION VIOLATIONS — SENTENCING GUIDELINES.

The sentencing guidelines do not apply to sentences imposed after a defendant is convicted of violating probation.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William D. Frey,* Prosecuting Attorney, and *Lawrence J. VanWasshenova,* Assistant Prosecuting Attorney, for the people.

*Goodman & Eklund-Easley* (by *Molly Eklund-Easley*), for the defendant on appeal.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ.

MICHAEL J. KELLY, J. In 1987, defendant pleaded nolo contendere to a charge of breaking and enter-

ing an unoccupied dwelling. MCL 750.110; MSA 28.305. Defendant was sentenced to five years' probation and 365 days in the county jail.

On September 5, 1989, defendant pleaded guilty of probation violation, admitting that he was convicted of certain misdemeanors and that he failed to report to the probation department. Sentencing was scheduled for November 17, 1989. Two days later, on September 7, 1989, defendant was arrested for unlawfully driving away an automobile, and another petition for probation violation was issued.

On September 25, 1989, defendant again pleaded guilty of probation violation. Defendant requested that he be permitted to participate in the special alternative incarceration program or "boot camp" program rather than be sentenced to prison. Sentencing was again scheduled for November 17, 1989.

On November 17, 1989, defendant was sentenced to 365 days in the county jail, with 310 days credit for time served, and ordered to remain in jail until there was an opening in the boot camp program. Shortly thereafter, defendant was accepted into the boot camp program.

On March 2, 1990, another petition for probation violation was issued against defendant, alleging that he voluntarily left the boot camp program before graduation. Subsequently, defendant was found guilty of violating his probation and sentenced to five to ten years' imprisonment.

Thereafter, defendant filed a motion for resentencing, claiming, among other things, that he should have received sentence credit for the time he spent in the boot camp program, that the sentencing guidelines should apply to probation violations, and that a sentencing information report should have been prepared for his probation

violation. The sentencing judge refused to give defendant sentence credit for the time spent in boot camp and rejected defendant's argument that the sentencing guidelines should apply to probation violations. Defendant appeals as of right.

Defendant first claims that the trial court erred in determining that he was not entitled to sentence credit for the time spent in boot camp.

Our Supreme Court recently held in *People v Whiteside,* 437 Mich 188; 468 NW2d 504 (1991), that an essential prerequisite to an award of sentence credit under the sentence credit statute, MCL 769.11b; MSA 28.1083(2), is a showing that there was presentence confinement of the defendant due to his inability to post bond. Because defendant's participation in the boot camp program was not due to his being denied or unable to furnish bond for the offense of which he was convicted, he is not entitled to sentence credit under the statute for the time he spent in the boot camp program. *Whiteside, supra* at 196.

Defendant also claims that the Double Jeopardy Clauses of the federal and state constitutions, US Const, Am V; Const 1963, art 1, § 15, mandate an award of sentence credit for the time he spent in the boot camp program.

While it is true that double jeopardy principles require an award of credit for time spent in jail as a condition of probation when the defendant is later sentenced to prison upon revocation of probation, *People v Sturdivant,* 412 Mich 92; 312 NW2d 622 (1981), the Double Jeopardy Clauses do not mandate awards of sentence credit for all probationary confinements. Sentence credit under the Double Jeopardy Clauses is required only for confinements amounting to time spent "in jail" as that term is commonly used and understood. *Whiteside, supra* at 202. Further, the purpose of

the probationary confinement must be incarceration, rather than treatment and rehabilitation. *Whiteside, supra* at 202.

A review of the record in this matter reveals no information about the physical structure, the fences and bars, of the boot camp program, the restrictions placed on defendant during his participation in the program, or the trial court's intent in ordering defendant's participation in the program.

Because the record in this case is not sufficiently developed to permit a determination regarding whether defendant's participation in the boot camp program was the equivalent of a confinement in "jail," this matter must be remanded to the trial court for development of the record and for a determination by the trial court regarding whether defendant is entitled to sentence credit under *Whiteside.*

Defendant next argues that a sentencing court must use the sentencing guidelines prepared for the underlying offense when sentencing a defendant for a probation violation. We disagree. This Court has previously held that the sentencing guidelines are inapplicable to sentences imposed after a defendant is convicted of probation violation. *People v Leske,* 187 Mich App 153, 158; 466 NW2d 361 (1991).

Lastly, defendant argues that the five- to ten-year sentence imposed for violation of probation because of defendant's failure to successfully complete the boot camp program was an abuse of discretion that should shock the conscience of this Court.

Because we have already ordered this matter remanded to the trial court for a determination regarding whether defendant is entitled to sentence credit, and because at the time of sentencing

the trial court did not have the benefit of our Supreme Court's decision in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), we also remand for resentencing pursuant to the principle of proportionality announced in *Milbourn.*

Conviction affirmed but case remanded for proceedings consistent with this opinion.

BRENNAN, J., concurred.

DOCTOROFF, C.J., concurred in the result only.