PEOPLE v RESLER

Docket No. 162504. Submitted June 8, 1994, at Detroit. Decided April
    21, 1995, at 9:25 A.M.

    Darl A. Resler pleaded guilty in the Allegan Circuit Court,
    George R. Corsiglia, J., of embezzlement over $100 and was
    sentenced to a five-year term of probation, with the first year to
    be served in jail. After having spent about ten months in jail,
    the defendant was awarded sixty days of good-time credit by
    the sheriff pursuant to MCL 51.282(2); MSA 5.883(2)(2) and was
    released. Shortly thereafter, the defendant was found guilty of
    violating the terms of his probation and was sentenced to a
    prison term of five to ten years. Although the court allowed as
    credit against the prison sentence the time the defendant
    actually had served in jail for the embezzlement conviction, the
    court refused to credit against the prison term the sixty days of
    good-time credit. The defendant appealed.

        The Court of Appeals *held:*

        As a matter of constitutional double jeopardy, the trial court
    lacked authority to take away the good-time credit that already
    had been granted. Absent legislative authority, a sentencing
    court may not revoke good-time credit that a defendant already
    has earned while serving a jail sentence that was a condition of
    an order of probation. Because there is no such legislative
    authority, the trial court erred in refusing to grant as a credit
    against the prison sentence the good-time credit granted to the
    defendant as a result of the sentence he served in the county
    jail. Accordingly, the defendant's sentence must be amended to
    reflect an additional credit of sixty days against the prison term
    imposed as a result of the probation violation.

        Affirmed as modified.

        CORRIGAN, J., concurring in the result but dissenting in part
    from the majority's rationale, stated that the absence of author-
    ity of a trial court to refuse to grant sentence credit for good-
    time credit granted for a jail sentence is purely a matter of the
    failure of the Legislature to provide a statutory mechanism to

REFERENCES
Am Jur 2d, Criminal Law § 546.
See ALR Index under Sentence and Punishment.

achieve that result and is not the result of constitutional double jeopardy considerations that preclude the Legislature from enacting a statutory scheme that would prohibit the application of county jail good-time credit to a subsequent prison term arising out of the same crime.

CRIMINAL LAW — PROBATION REVOCATION — SENTENCING — SEN-
    TENCE CREDIT — GOOD TIME — JAILS.
  A criminal defendant who is sentenced to prison following revocation of probation is entitled to credit against the prison term for any good-time credit received toward a jail term that was imposed as part of the order of probation (MCL 51.282[2]; MSA 5.883[2][2]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Frederick Anderson*, Prosecuting Attorney, and *Mary M. LaSata*, for the people.

*Jeanice Dagher-Margosian*, for the defendant.

Before: MICHAEL J. KELLY, P.J., and FITZGERALD and CORRIGAN, JJ.

MICHAEL J. KELLY, P. J. Defendant pleaded guilty of embezzlement over $100, MCL 750.174; MSA 28.371. The trial court sentenced him to five years' probation with the first year in jail. Defendant was awarded sixty days of good-time credit by the sheriff under MCL 51.282(2); MSA 5.883(2)(2). Soon after his release from jail, defendant was found guilty of violating the terms of his probation and was sentenced to five to ten years' imprisonment. The trial court allowed defendant credit only for the time he actually had actually served in jail on the embezzlement charge. In this appeal of right, defendant argues that he was entitled to credit for the sixty days of good time granted by the sheriff. We agree.

Defendant bases his argument on double jeopardy grounds. The Double Jeopardy Clauses of the

United States and Michigan Constitutions[1] guarantee against multiple punishments for the same offense. This guarantee "absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." *North Carolina v Pearce,* 395 US 711, 718-719; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

In *People v Whiteside,* 437 Mich 188; 468 NW2d 504 (1991), our Supreme Court summarized the current view of double jeopardy. There, the Court held that the prohibition on double jeopardy is not a check on the Legislature's power to define crime and fix punishment. *Id.* at 200-201. The Legislature may provide for the revocation of good-time credit without fear that its act would offend double jeopardy guarantees. See *id.* at 199, n 17, quoting *United States v DiFrancesco,* 449 US 117, 137; 101 S Ct 426; 66 L Ed 2d 328 (1980). Our Legislature has already done so in the parole context. Under MCL 791.238(6); MSA 28.2308(6), a paroled prisoner is considered to be serving out the sentence imposed by the court and may be awarded good time, just as if the parolee had been confined in the institution. However, if the prisoner violates parole, the parole board may cause the forfeiture of all good time accumulated up to the date of the violation. MCL 791.238(4); MSA 28.2308(4).

While the Double Jeopardy Clause does not prohibit revocation of good-time credit per se, it does restrict a court's authority to impose punishment in excess of the intent of the Legislature. The basic inquiry is whether the total punishment imposed exceeds that authorized by the Legisla-

[1] US Const, Am V, provides, in pertinent part: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." Const 1963, art 1, § 15, provides, in pertinent part: "No person shall be subject for the same offense to be twice put in jeopardy."

ture. *Whiteside, supra* at 201. In this case, the Legislature has not provided for the revocation of good-time credit in the context of conditional probation, as it has done in the parole context. There is no statutory provision evidencing a legislative intent to allow such revocation. The trial court therefore exceeded its authority under the Double Jeopardy Clause to take away what was already given to defendant. Defendant is entitled to keep what he has earned.

We reject the prosecution's suggestion that defendant has not even "earned" anything that is protected by the Double Jeopardy Clause. There are numerous Michigan cases addressing credit for time spent "in jail" or "in confinement" under a variety of circumstances. See, e.g., *Whiteside, supra* at 202 (not allowing probationer credit for time spent in a substance abuse program); *People v Wagner,* 193 Mich App 679, 682; 485 NW2d 133 (1992) (not allowing probationer credit for time spent in a boot camp). See also *People v Sturdivant,* 412 Mich 92, 96-97; 312 NW2d 622 (1981); *People v Smith,* 143 Mich App 782, 787; 372 NW2d 660 (1985); *People v Shipp,* 141 Mich App 610, 614; 367 NW2d 430 (1985); *People v Stange,* 91 Mich App 596, 599; 283 NW2d 806 (1979); *People v Gravlin,* 52 Mich App 467, 469; 217 NW2d 404 (1974). While the lead cases held that boot camp and rehabilitation programs do not constitute "time served in jail" for purposes of double jeopardy, they do not address the status of good-time credit. We believe that good-time credit can fall within the ambit of the Double Jeopardy Clause. Unlike boot camps and rehabilitation programs, which are alternatives to incarceration that are available to the sentencing court, good-time credit effectively takes the place of jail time already imposed as part of a sentence. We also reject the

prosecution's reading of the *Sturdivant* and *White-side* opinions as affording double jeopardy protection only to time *actually* served in jail. Nowhere in those opinions does the term "actually" modify "time served." Nor do the opinions make any such suggestion.

Our holding is bolstered by the United States Supreme Court's opinion in *Pearce, supra* at 718-719. There, the Court held "that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." *Id.* In dicta, the Court added that credit for punishment already exacted "must, of course, include the time credited during service of the first prison sentence for good behavior, etc." *Id.* at 719, n 13. Though not reaching the precise issue presented in this case, our Supreme Court held in *Sturdivant, supra* at 97, that the principles set forth in *Pearce* apply to the situation in which the initial period of incarceration is a condition of probation.

In short, we hold that the constitutional guarantee against multiple punishments contemplates protection for good-time credit, but that the ultimate decision of whether such protection applies—that is, whether the good-time credit may be revoked—lies in the discretion of the Legislature. Absent legislative authority, a sentencing court may not revoke good-time credit that a defendant already has earned while serving a jail sentence as a condition of probation.

Because the amount of good-time credit received by defendant is undisputed, we order that his sentence be amended to reflect an additional credit of sixty days against his sentence for probation violation. MCR 7.216(A)(1) and (7); *Brinson v Gene-*

*see Circuit Judge,* 403 Mich 676, 687; 272 NW2d 513 (1978).

Affirmed as modified.

FITZGERALD, J., concurred.

CORRIGAN, J. *(concurring in part and dissenting in part).* I agree that defendant is entitled to credit for the sixty days of good time granted by the sheriff. Credit must be awarded because the court lacked the statutory authority to revoke the good-time credit defendant had been awarded by the sheriff. *People v Cannon,* 206 Mich App 653; 522 NW2d 716 (1994); MCL 51.282(2); MSA 5.883(2)(2).

Defendant was placed on a five-year term of probation on October 18, 1991, after he was convicted of embezzlement, MCL 750.174; MSA 28.371. He was ordered to serve the first year of his probationary term in the Allegan County jail. While in jail, defendant apparently displayed exemplary inmate behavior. The sheriff released defendant to probation supervision on August 17, 1992, sixty days before his one-year jail term expired, by awarding defendant good-time credit pursuant to MCL 51.282(2); MSA 5.883(2)(2). That statute provides:

> Every prisoner whose record shows that there are no violations of the rules and regulations shall be entitled to a reduction from his or her sentence as follows: 1 day for each 6 days of the sentence. The sheriff may, by general rule, subject to amendment from time to time, prescribe how much of the good time earned under this subsection a prisoner shall forfeit for any infraction of the general rules and regulations, and for any act of insubordination the sheriff may by special order take away any portion of or the whole of the good time made by any prisoner up to the date of such offense. The sheriff may as a reward for especially

good conduct, in case of insubordination, restore to any prisoner the whole or any portion of the good time lost because of any minor infraction of the rules.

On his first day at large in the community, defendant broke the law. He wrote a check on a closed account. Between his release on August 17, 1992, and his rearrest on October 27, 1992, defendant managed to accumulate six charges of probation violation. He pleaded guilty as charged of four counts and was found guilty of the remaining two counts after a hearing. During his precious days of early release, defendant wrote three checks on closed accounts, rented three different automobiles using deceptive rental agreements, failed to pay an accumulated $1,824.02 in rental fees, and associated with a known criminal. Reformed he was not.

The sentencing court credited defendant with 377 days in jail, which included 305 days that defendant actually had served in jail on the embezzlement sentence and seventy-two days for the time defendant spent in jail between the time of his arrest on the probation violation charges and the time of sentencing. The court erred in failing to credit defendant with an additional sixty days of good-time credit he had earned in jail.

I agree with most of the majority's double jeopardy reasoning. However, its citation to the footnoted language in *North Carolina v Pearce,* 395 US 711, 719, n 13; 89 S Ct 2072; 23 L Ed 2d 656 (1969), *ante* at 28, may tend to confuse the Legislature by suggesting a double jeopardy gloss that precludes a legislative response to this problem.

Nothing in the United States Supreme Court's post-*Pearce* interpretation of double jeopardy prevents the Legislature from amending the statute to permit the sheriff to revoke good-time jail credit

when probationers violate the terms of probation after they are released from jail, just as the Legislature has done in the context of parole violators. The footnoted language upon which the majority relies is acknowledged to be dicta. The precise question presented here and addressed in the footnote was not before the Supreme Court. A defendant who later forfeits "good time" for misbehavior while on early release, pursuant to the terms of a valid legislative enactment, has not had punishment "already exacted," in violation of the Double Jeopardy Clause.

*People v Sturdivant,* 412 Mich 92; 312 NW2d 622 (1981), resolved a split of authority in the Court of Appeals. Our Supreme Court held that the Double Jeopardy Clause requires the award of credit for time *actually served* in jail as a condition of probation. In *North Carolina v Pearce, supra* at 718-719, the Supreme Court specifically held:

> We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment *already exacted* must be fully 'credited' in imposing sentence upon a new conviction for the same offense. [Emphasis added.]

In *Pearce, supra* at 719, n 13, the Supreme Court did not consider squarely the complex web of various state and federal statutes relating to good-time credit and the conditions for forfeiture of that credit.

In *Greenholtz v Nebraska Penal Inmates,* 442 US 1; 99 S Ct 2100; 60 L Ed 2d 668 (1979), the Supreme Court observed that a convicted person has no constitutional or inherent right to be released before the expiration of a valid sentence. *Wolff v McDonnell,* 418 US 539, 557; 94 S Ct 2963;

41 L Ed 2d 935 (1974), stated, just five years after *Pearce,* that the constitution does not guarantee good-time credit for satisfactory behavior while in prison. Most significantly, *United States v DiFrancesco,* 449 US 117, 137; 101 S Ct 426; 66 L Ed 2d 328 (1980), recognized that *"North Carolina v Pearce* . . . demonstrate[s] that the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." Further, the Court noted that the Double Jeopardy Clause does not protect against revocation of probation and imposition of imprisonment. *People v Whiteside,* 437 Mich 188, 199, n 17; 468 NW2d 504 (1991).

In *Whiteside,* our Supreme Court summarized the current view of double jeopardy. The clause is not a check on the Legislature's power to define crime and fix punishment. *Id.* at 200-201.

The Legislature properly may provide for the revocation of good-time credit, as it has done in the parole context, without fear that its act would offend double jeopardy. MCL 791.238(4); MSA 28.2308(4) provides: "The parole board, in its discretion, may cause the forfeiture of all good time to the date of the declared violation." Pursuant to MCL 791.238(6); MSA 28.2308(6), a paroled prisoner is considered to be serving out the sentence imposed by the court and is awarded good time, just as if the parolee had been confined in the institution. If the prisoner then violates parole, the parole board may forfeit good time.

The law governing good-time credits for parolees specifically authorizes the forfeiture of good-time credit for parole violations while a defendant is at large in the community. MCL 791.238; MSA 28.2308. The statutes governing good-time credit awarded by sheriffs on jail sentences contain no

counterpart grant of authority to sheriffs for probation violators. See MCL 51.282; MSA 5.883. This omission is for the Legislature to cure. The Legislature may choose to cure this omission without fear that the Double Jeopardy Clause restricts its powers.

For the foregoing reasons, I dissent in part from the rationale but concur in the result.