PEOPLE v TYRPIN

Docket No. 254010. Submitted September 13, 2005, at Detroit. Decided
    October 11, 2005, at 9:00 a.m. Leave to appeal sought.

Joseph D. Tyrpin was convicted by a jury in the Oakland Circuit
    Court of third-degree criminal sexual conduct (CSC) and fourth-
    degree CSC. The court, David F. Breck, J., sentenced the defendant
    to one year in jail for the third-degree CSC conviction and
    probation for two years, with the first year in jail, for the
    fourth-degree CSC conviction. Following the prosecution's appeal,
    the Court of Appeals, METER, P.J., and CAVANAGH and COOPER, JJ., in
    an unpublished opinion per curiam issued April 15, 2003 (Docket
    No. 243603), affirmed the defendant's convictions, but vacated the
    sentence for third-degree CSC and remanded for resentencing
    after determining that the one-year jail term violated the indeter-
    minate sentencing statutes and was an improper downward de-
    parture from the sentencing guidelines range. On remand, the
    court, Denise Langford-Morris, J., sentenced the defendant to
    concurrent terms of 30 months to 15 years for the third-degree
    CSC conviction and 16 months to 2 years for the fourth-degree
    CSC conviction. The court also ordered that the defendant receive
    credit for the 528 days he was actually imprisoned, but did not
    order credit for the 61 days of good-time credit the defendant
    earned in jail pursuant to MCL 51.282. The defendant appealed.

The Court of Appeals held:

Good-time credit earned in conjunction with an illegal sentence
    cannot be applied to the defendant's sentence on resentencing.
    The circuit court correctly determined that the defendant should
    not benefit from a sentence credit that would not have been
    granted but for an error of law in the defendant's original
    sentencing. Had the defendant been properly sentenced to a prison
    term in the first instance, he would not have been eligible for
    disciplinary credits, or any similar credit, as a "prisoner subject to
    disciplinary time" as that term is defined in MCL 800.34(5)(a)(iii).
    The sentencing court complied with the statutes requiring sen-
    tence credits by giving the defendant full credit for all days
    actually served.

Affirmed.

1. SENTENCES — SENTENCE CREDITS — VOID SENTENCE.

   A sentence credit earned in conjunction with an illegal sentence
   cannot be applied to a defendant's sentence on resentencing; a
   defendant should not benefit from a sentence credit that would not
   have been granted but for an error of law in the defendant's
   original sentence.

2. PRISONS AND PRISONERS — DISCIPLINARY CREDITS — PRISONERS SUBJECT TO
   DISCIPLINARY TIME.

   A prisoner subject to disciplinary time is not eligible for disciplinary
   credits against the prisoner's sentence (MCL 791.233[1][d],
   791.233b, 791.233c, 800.34).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Anica Letica*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Randy E. Davidson*) for the defendant.

Before: FITZGERALD, P.J., and COOPER and KELLY, JJ.

PER CURIAM. Defendant appeals of right the trial court's failure, on resentencing, to award him the good-time credit, MCL 51.282(1) and (2), he earned on his original sentence that was later determined to be illegal. See *People v Tyrpin*, unpublished opinion per curiam of the Court of Appeals, issued April 15, 2003 (Docket No. 243603). We affirm and hold that good-time credit earned in conjunction with an illegal sentence cannot be applied to his sentence on resentencing.

## I. PERTINENT FACTS

Defendant was convicted by a jury of third-degree criminal sexual conduct (CSC), MCL 750.520d(1)(a) (sexual penetration with a person between the ages of thirteen and sixteen), and fourth-degree CSC, MCL

750.520e(1)(a) (sexual contact with a person between the ages of thirteen and sixteen). Defendant was originally sentenced to one year in jail for his third-degree CSC conviction, and two years' probation with the first year in jail for the fourth-degree CSC conviction, to be served concurrently, with credit for 71 days served. In the prosecutor's prior appeal of defendant's original sentence, this Court concluded that the trial court's original one-year jail term for the third-degree CSC conviction violated the indeterminate sentencing provision of the Code of Criminal Procedure, MCL 769.8(1), which requires the sentencing court to set both a minimum and maximum term of imprisonment. This Court also concluded that the trial court erred by departing downward from the sentencing guidelines range of 24 to 40 months. *Tyrpin, supra*. The guidelines range required a prison sentence, and did not permit imposition of an intermediate sanction. MCL 769.34(4).

On remand, the trial court resentenced defendant to a term of 30 months to 15 years' imprisonment for the third-degree CSC conviction, to be served concurrently with a term of 16 months to 2 years' imprisonment for the fourth-degree CSC conviction. At the time of resentencing, defendant had actually been in jail for a total of 528 days, from June 12, 2002, to March 22, 2003 (the date of his pretrial incarceration to the date of his release before this Court vacated his sentence), and from May 8, 2003, to January 5, 2004 (the date his bond was revoked to the day before his resentencing hearing).

The parties disputed the number of days of sentence credit defendant should receive for time served. Despite originally being sentenced to one year in jail, defendant actually spent only 284 days in jail after being sen-

tenced because he was awarded 61 days of good-time credit pursuant to MCL 51.282(1) and (2).[1] At the resentencing hearing, defendant argued that he should receive credit for these 61 days, in addition to the 528 days he actually served in jail. The prosecutor disagreed, arguing that the good-time credit was received in connection with an illegal sentence. The trial court ordered credit for the 528 days actually served. Defendant now appeals, asserting that he is entitled to an additional 61 days of sentence credit.

## II. ANALYSIS

Defendant contends that the trial court, in resentencing him, violated his due process rights when it refused to apply the 61 days of good-time credit that were earned as a result of his original sentence. We disagree. The trial court correctly determined that defendant should not benefit from a sentence credit that would not have been granted but for an error of law in defendant's original sentencing.

Michigan law formerly awarded prisoners a "good-time" allowance, but this scheme was subsequently replaced with a less generous scheme that allowed "disciplinary credits" for only some categories of offenders. MCL 800.33(5); see *People v Fleming*, 428 Mich 408, 422 n 16; 410 NW2d 266 (1987). Under the current scheme, if defendant had been properly sentenced to a prison term, he would not have been eligible for disciplinary credits. MCL 791.233(1)(d) and 791.233b(w) indicate that a prisoner is not eligible for disciplinary credits if he or she is "a prisoner subject to disciplinary time . . . ." MCL 791.233c incorporates the definition of

---

[1] We note that the sum of 284 days and 61 days is 345 days, which is 20 days less than one year. The lower court record does not explain this discrepancy.

"prisoner subject to disciplinary time" from MCL 800.34. MCL 800.34(5)(a)(*iii*) defines "prisoner subject to disciplinary time" to include prisoners sentenced to an indeterminate term of imprisonment for several enumerated crimes, including third-degree CSC, committed on or after December 15, 1998. Accordingly, defendant would not have been eligible for disciplinary credits if he had been properly sentenced to a prison term.

In support of his position that the trial court should have applied his 61 days of good-time credit to his sentence on resentencing, defendant relies on MCL 769.11a and 769.11b. MCL 769.11a provides:

> Whenever any person has been heretofore or hereafter convicted of any crime within this state and has served any time upon a void sentence, the trial court, in imposing sentence upon conviction or acceptance of a plea of guilty based upon facts arising out of the earlier void conviction, shall in imposing the sentence *specifically grant or allow the defendant credit against and by reduction of the statutory maximum by the time already served by such defendant* on the sentence imposed for the prior erroneous conviction. Failure of the corrections commission to carry out the terms of said sentence shall be cause for the issuance of a writ of habeas corpus to have the prisoner brought before the court for the taking of such further action as the court may again determine. [Emphasis added.]

MCL 769.11b provides:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence *shall specifically grant credit against the sentence for such time served in jail prior to sentencing.* [Emphasis added.]

However, contrary to defendant's argument, the trial court did comply with these statutes by giving defendant full credit for all days actually served.

Defendant also relies on *People v Resler*, 210 Mich App 24; 532 NW2d 907 (1995). The defendant in *Resler* was convicted of embezzlement and properly sentenced to five years' probation with the first year in jail. He was awarded 60 days of good-time credit by the sheriff. After he was released, he violated his probation and was sentenced to five to ten years' imprisonment. The trial court allowed him credit only for the time he actually served in jail. *Id.* at 25. This Court held that double jeopardy clauses of the United States Constitution and the Michigan Constitution, US Const, Am V; Const 1963, art 1, § 15, prohibited the revocation of the good-time credit:

> While the Double Jeopardy Clause does not prohibit revocation of good-time credit per se, it does restrict a court's authority to impose punishment in excess of the intent of the Legislature. The basic inquiry is whether the total punishment imposed exceeds that authorized by the Legislature. . . . In this case, the Legislature has not provided for the revocation of good-time credit in the context of conditional probation, as it has done in the parole context. There is no statutory provision evidencing a legislative intent to allow such revocation. The trial court therefore exceeded its authority under the Double Jeopardy Clause to take away what was already given to defendant. Defendant is entitled to keep what he 'has earned. [*Resler, supra* at 26-27.]

However, the Legislature did not authorize the award of good-time credits to a person in defendant's situation. On the contrary, the Legislature precluded such credit to persons, like defendant, convicted of third-degree CSC. We conclude that the trial court correctly determined that defendant cannot benefit from a sentence

credit that would not exist but for an error of law in defendant's original sentencing. Accordingly, defendant is not entitled to application of that credit to his sentence on resentencing.

Affirmed.

FITZGERALD, P.J., concurred.

COOPER, J. I concur in the result only.