PEOPLE v GRAZHIDANI

Docket No. 273212. Submitted November 7, 2007, at Detroit. Decided
    January 22, 2008, at 9:00 a.m.

Franc Grazhidani pleaded guilty of third-degree criminal sexual
    conduct, MCL 520d(1)(a), and was initially sentenced to five years'
    probation with the first year to be served in jail. After the
    defendant was released from jail after only 268 days to alleviate
    overcrowding, he violated several conditions of his probation. The
    court, Margie R. Braxton, J., revoked the defendant's probation
    and sentenced him to 2 to 15 years' imprisonment, and ultimately
    granted him credit for serving a full year in jail despite his early
    release. The prosecutor appealed.

The Court of Appeals *held*:

The defendant is not entitled to credit on his probation-
    violation sentence for time that he did not serve as a result of his
    early release from jail under the statute that regulates jail over-
    crowding.

Reversed and remanded for further proceedings.

SENTENCES — PROBATION — SENTENCE CREDIT — SENTENCE REDUCTIONS —
    OVERCROWDING.

A defendant who is sentenced to prison for a probation violation is
    not entitled to credit for time that was not served as a result of an
    early release from jail under the statute that establishes measures
    to reduce jail overcrowding (MCL 801.57).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *Kym L. Worthy*, Prosecuting Attor-
ney, *Timothy A. Baughman*, Chief of Research, Train-
ing, and Appeals, and *Larry Roberts* and *Valerie M.
Steer*, Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *Rolf E. Berg*) for the
defendant.

Before: SERVITTO, P.J., and SAWYER and MURRAY, JJ.

SAWYER, J. In this appeal, we are asked to determine whether a defendant sentenced to prison for a probation violation is entitled to credit for time not served because of an early release from jail due to overcrowding. We hold that a defendant is not entitled to credit for time not served.

Defendant pleaded guilty of third-degree criminal sexual conduct[1] and was initially sentenced to five years' probation, with the first year being served in the county jail. After his release from the county jail, defendant violated various conditions of his probation. The trial court revoked defendant's probation and sentenced defendant to serve 2 to 15 years in prison. The trial court was informed that defendant had only served 268 days of the one-year county-jail term, having been released early because of jail overcrowding. Although the trial court initially only granted defendant credit for the 268 days actually served, the trial court thereafter reversed itself and granted credit for the entire one-year jail sentence originally imposed by the trial court. The prosecutor now appeals by leave granted and we reverse.

The defendant's jail term was reduced under the county jail overcrowding state of emergency act,[2] which provides various methods of reducing an excessive jail population. At issue here are the provisions of MCL 801.57:

> If the actions taken pursuant to [MCL 801.55 and 801.56] do not reduce the county jail's population to the level prescribed in [MCL 801.56(1)] within 28 days of the declaration of the county jail overcrowding state of emer-

---

[1] MCL 750.520d(1)(a).

[2] MCL 801.51 *et seq.*

gency, the original sentences, not including good time, of all prisoners sentenced to and housed in the county jail on that date shall be equally reduced by the sheriff by the least possible percentage reduction necessary, not to exceed 30%, to reduce the county jail's prisoner population to the level prescribed in [MCL 801.56(1)].

This case presents a question of first impression. We must begin by looking at the concept of credit for time served as a condition of probation against a subsequent prison sentence following a violation of that probation. The Legislature has provided that if probation is revoked "the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made. . . ."[3] This statute does not specifically provide for credit for time served as a condition of probation against any subsequent prison sentence imposed after probation is revoked. In fact, the only statutory provision of which we are aware that provides for sentence credit is MCL 769.11b, which states:

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

By its clear terms, this statute provides no relief to defendant. First, the incarceration as a condition of probation occurred after sentencing, not before.[4] Second, that incarceration did not occur as a result of

___

[3] MCL 771.4.

[4] Though one could, perhaps, make the argument that the time served as a condition of probation was time served before the sentencing on the probation violation, defendant does not so argue here.

defendant being denied or unable to furnish bond. And, finally, the time represented by the reduction in defendant's sentence because of jail overcrowding obviously was not time served "in jail" as required by the statute.[5]

Accordingly, for defendant to be entitled to credit for the time not served, it must be due to constitutional compulsion, not statutory grant. Defendant argues that the Double Jeopardy Clause compels a grant of credit, relying primarily on this Court's decision in *People v Resler*.[6] In *Resler*, the defendant was originally sentenced to probation, with the first year to be served in the county jail. The defendant was released 60 days early because of good time granted by the sheriff. Thereafter, the defendant's probation was revoked and he was sentenced to prison. The trial court only granted credit for the time actually served in jail. The defendant appealed, arguing that he was also entitled to credit for 60 days of good time. This Court agreed with the defendant.[7]

Defendant argues that *Resler* should be extended to include credit for the amount of time a sentence is reduced under the jail-overcrowding act. We disagree. First, a close examination of *Resler* indicates that it is of dubious correctness. In part, the decision in *Resler* rested on dicta in the Supreme Court's decision in *North Carolina v Pearce*,[8] wherein the Court observed that, not only must a defendant receive credit for time served, but the "credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc." But *Pearce* was materially different

---

[5] See *People v Whiteside*, 437 Mich 188; 468 NW2d 504 (1991).

[6] *People v Resler*, 210 Mich App 24; 532 NW2d 907 (1995).

[7] *Id.* at 25.

[8] *North Carolina v Pearce*, 395 US 711, 719 n 13; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

from the case at bar. In *Pearce*, the defendant was convicted, served a portion of his sentence, had the original conviction overturned, and then was reconvicted and sentenced a second time. Although the second sentence was shorter than the first, it granted no credit for time served on the original conviction, and the effect was to extend the defendant's incarceration by nearly three years.[9] Similarly, in the companion case, the defendant was sentenced to prison, won a reversal, was reconvicted and received a longer sentence upon reconviction, with no credit for time served on the original sentence.[10] *Pearce* determined that a defendant under those circumstances is entitled to credit for the time served on the first sentence against the second sentence for the same crime, stating that "punishment already exacted must be fully 'credited' " in imposing the new sentence.[11]

But none of this involves the question regarding credit for time served or, as is the situation in the instant case, credit for time not served as a condition of probation. In concluding that credit must be granted for time served in jail as a condition of probation against a subsequent prison term imposed for violating that probation, the *Resler* Court glossed over the Supreme Court's decision in *Whiteside*. And it paid even less attention to the Court's decision in *People v Sturdivant*.[12] But a resolution of the question whether a defendant is entitled to credit for time served as part of a condition of probation cannot properly be resolved without careful consideration of those two decisions.

---

[9] *Id.* at 713.

[10] *Id.* at 714.

[11] *Id.* at 718-719.

[12] *People v Sturdivant*, 412 Mich 92; 312 NW2d 622 (1981).

First, in *Sturdivant*, the Court, relying on *Pearce*, clearly held that a defendant sentenced to prison on a probation violation is entitled to credit for time served as a condition of the probation.[13] But *Sturdivant* only considered credit for time actually spent incarcerated. Ten years later, in *Whiteside*, the Supreme Court considered credit for time spent not in jail, but in a residential drug-treatment program. First, the Court rejected an argument that the defendant had a statutory right to sentencing credit because the sentencing credit granted by statute is for time served before sentencing where the defendant was denied bond or unable to post bond. Because the defendant did not reside in the drug-treatment program in lieu of posting bond, he was not entitled by statute to sentencing credit.[14]

Turning to the constitutional issue, the *Whiteside* Court examined both the *Pearce* and the *Sturdivant* decisions and appeared to question whether *Sturdivant* was correctly decided. First, in a footnote, *Whiteside*[15] noted that *Sturdivant* overlooked a more recent United States Supreme Court decision:

> We note that the *Sturdivant* Court's opinion did not consider the reasoning in *United States v DiFrancesco*, 449 US 117, 137; 101 S Ct 426; 66 L Ed 2d 328 (1980), wherein the United States Supreme Court stated, *"North Carolina v Pearce* . . . demonstrate[s] that the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." The Court also stated that "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." *Id.*

---

[13] *Sturdivant, supra* at 97.

[14] *Whiteside, supra* at 196-197.

[15] *Id.* at 199 n 17.

The Court then observed that in "the case before us, there is no challenge to the proposition that *Sturdivant* entitles this defendant to credit for any time served in jail while on probation."[16] This phrase, coupled with the above-quoted footnote, suggests that the *Whiteside* Court was not entirely convinced of the soundness of its decision in *Sturdivant* ten years before. Indeed, later in the opinion the Court considered *Jones v Thomas*,[17] which noted that, in the context of multiple punishments, the Double Jeopardy Clause only serves to ensure that the total punishment imposed does not exceed that which the Legislature authorized.[18] After noting that legislative intent determines whether multiple punishments constitute double jeopardy,[19] the Court stated the following:

> In order, then, to apply in this case the constitutional principle recognized in *Pearce* and its progeny, we are required again to return to the inquiry: What did the Legislature intend? More specifically, the question in this context is: Does the total punishment imposed exceed that authorized by the Legislature?

While *Whiteside* stopped short of overruling *Sturdivant*, it did limit its applicability. After concluding that the Legislature did not intend to grant credit for time spent in a residential treatment facility because it did represent time spent "in jail,"[20] the Court then limited *Sturdivant* to granting credit for time spent incarcerated:

> To the extent that *Sturdivant* may appear to depart from this reasoning, it should be kept in mind that the time

---

[16] *Whiteside, supra* at 199.

[17] *Jones v Thomas*, 491 US 376; 109 S Ct 2522; 105 L Ed 2d 322 (1989).

[18] *Whiteside, supra* at 200.

[19] *Id.* at 201.

[20] *Id.* at 202.

credited there was time served in the county jail. Our decision today limits the holding in *Sturdivant* to time served while incarcerated.[21]

We read *Whiteside* as fairly clearly limiting credit for time served as a condition of probation to the time actually spent while incarcerated "in jail"—that is, the actual number of days spent in the county jail, without regard to any reduction in the sentence for any reason.[22] But while we question whether *Resler* was correctly decided, the prosecutor does not ask us to revisit that issue. Therefore, we decline to create a conflict with *Resler* or to consider whether defendant in the case before us was entitled to credit on his prison sentence for good-time granted by the sheriff during his incarceration as a condition of probation.

But we also decline to extend *Resler* beyond its facts and apply it to sentence reductions under the jail overcrowding act. Obviously the days that defendant did not serve on his sentence because of his early release from the county jail under the jail overcrowding act are not time spent "in jail." Because we read *Whiteside* as concluding that the Legislature only intended to grant credit for time actually spent "in jail," we conclude that defendant is not entitled to credit for time that he otherwise would have spent in jail except for his early release under the jail-overcrowding act.

We do observe that, even if *Resler* was correctly decided, good-time credit and a sentence reduction

---

[21] *Id.* at 202 n 20.

[22] *Resler* attempts to distinguish the issue by pointing out that in neither *Sturdivant* nor *Whiteside* "does the term 'actually' modify 'time served.' Nor do the opinions make any such suggestion." *Resler, supra* at 28. We would think the statement in *Whiteside, supra* at 202 n 20, that limits *Sturdivant* to "time served while incarcerated" certainly makes such a suggestion.

under the jail-overcrowding act are sufficiently different that *Resler* does not compel a conclusion that a sentence reduction under the jail-overcrowding act merits sentence credit against a subsequent prison term. A primary distinction between good-time and overcrowding sentence reduction is that good time is something that a defendant earns. As the *Resler* Court noted, the Double Jeopardy Clause precludes a court from taking away "what was already given to defendant. Defendant is entitled to keep what he has earned."[23] Under MCL 51.282(2), a defendant is entitled to a one-day reduction for every six days served if he or she has no violations of the rules and regulations. Thus, a defendant has the right to such good time conditioned only on his or her good behavior.

By contrast, a reduction in sentence due to jail overcrowding is essentially irrelevant to the defendant's behavior and, more to the point, nothing a defendant does can "earn" time under the overcrowding-reduction act, nor is any particular prisoner entitled to a reduction in his or her sentence under the act. That is, a reduction under the good-time statute applies regardless of the vacancy rate in the jail—the jail could be half full and the prisoner who obeys the rules and regulations will earn a good-time reduction. On the other hand, a prisoner receives a jail-overcrowding reduction only under certain conditions related to the jail exceeding its capacity, an event unrelated to a particular prisoner's behavior. The amount of such reduction, or even if such a reduction will be given, is determined by the needs of the sheriff to reduce the jail population and not by the prisoner's behavior. That prisoner has earned nothing, but rather has received a gift from the state because of the

---

[23] *Resler, supra* at 27.

county's failure to provide adequate resources to its sheriff to house the county's prisoners. Thus, while one might conclude, as did the Court in *Resler*,[24] that the Legislature intended that "good-time credit effectively takes the place of jail time," there is no basis for such a conclusion with respect to a reduction in sentence under the jail-overcrowding act.

For these reasons, we conclude that where a defendant is sentenced to probation, and the terms of probation include incarceration in the county jail, and the defendant thereafter violates probation and is sentenced to prison, he or she is not entitled to credit on his or her new sentence for any time by which his or her original incarceration in the county jail was reduced under MCL 801.57. Accordingly, we remand this matter to the trial court for entry of a new judgment of sentence that does not include credit for time served based on the amount by which defendant's sentence was reduced under MCL 801.57.

Reversed and remanded for further action consistent with this opinion. We do not retain jurisdiction.

---

[24] *Id.*