*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
October 10, 2019

v

No. 344544
St. Clair Circuit Court
LC No. 16-002008-FH

SCOTT ALLEN CAMPBELL,

Defendant-Appellant.

Before: CAVANAGH, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right the sentence imposed following the revocation of his probation on convictions for interference with electronic communications, MCL 750.540(4), and bribing, intimidating, or interfering with a witness, MCL 750.122(3)(a). We remand for the sentencing court to reconsider defendant's jail credit entitlement.

In 2017, defendant was originally sentenced to one year in jail and three years of probation for his convictions. Defendant was sentenced to one year in jail on January 23, 2017, and was released on November 11, 2017. In April 2018, defendant pleaded guilty to violating a condition of his probation and was sentenced to 18 months to 15 years' imprisonment on both offenses, with 300 days of jail credit.

On appeal, defendant argues that he was entitled to 365 days of jail credit because his earned good-time credit was not considered by the sentencing court. We agree that defendant's earned good-time credit, if any, should have been considered by the sentencing court.

Defendant did not argue in the trial court that he was entitled to jail credit for earned good-time credit; thus, this issue is unpreserved for appeal. *People v Fyda*, 288 Mich App 446, 460 n 35; 793 NW2d 712 (2010). A sentencing court's revocation of good-time credit when sentencing a defendant after a probation revocation implicates the Double Jeopardy Clauses of the United States and Michigan Constitutions, which both "guarantee against multiple punishments for the same offense." *People v Resler*, 210 Mich App 24, 25-26; 532 NW2d 907 (1995). An unpreserved, constitutional claim is reviewed for "plain error that affected

substantial rights." *People v Pipes*, 475 Mich 267, 278; 715 NW2d 290 (2006) (quotation marks and citation omitted).

MCL 51.282(2) provides, in relevant part: "Every prisoner whose record shows that there are no violations of the rules and regulations shall be entitled to a reduction from his or her sentence as follows: 1 day for each 6 days of the sentence." Defendant appears to have earned good-time credit because he was sentenced to 365 days in jail on January 23, 2017, yet was released from jail on November 11, 2017. Defendant's probation officer, George Wilson, testified at defendant's sentencing but his testimony was confusing as to whether defendant did, in fact, earn good-time credit. He stated that 60 days of good-time credit could be earned— presumably in a year (i.e., a 365-day sentence divided by 6 days of the sentence equals 60 days per year that could be earned). But Wilson failed to definitively state how many days, if any, defendant earned.

In *Resler*, 210 Mich App at 26-27, this Court held that, in the absence of a statutory provision to the contrary, a court may not revoke a defendant's good-time credit because of a probation revocation. When a court revokes good-time credit in this context it "exceed[s] its authority under the Double Jeopardy Clause to take away what was already given to defendant." *Id*. at 27. In *Resler*, like in this case, the trial court credited defendant only for the time he actually served in jail. *Id*. at 25. This Court held that the trial court erred when it effectively revoked the defendant's good-time credit, and ordered the court to amend the defendant's sentence to include the good-time credit earned. *Id*. at 28-29.

In this case, the sentencing court's failure to determine if defendant earned good-time credit was an error that is clear or obvious after an examination of the record. Defendant was released before serving 365 days in jail indicating that he likely earned good-time credit. This error affected defendant's substantial rights because it increased the amount of time he must spend in prison. Therefore, plain error occurred. See *Pipes*, 475 Mich at 278.

This case is remanded to the trial court for a determination of whether defendant did, in fact, earn good-time credit under MCL 51.282(2). "If the trial court determines that the defendant was awarded good-time credit, the court shall amend the judgment of sentence by crediting the defendant's sentence with the number of good-time days he was awarded, and forward a copy of the amended judgment of sentence to the Department of Corrections." *People v Lackey*, 490 Mich 1000; 807 NW2d 321 (2012).

Remanded. The sentencing court is to reconsider defendant's jail credit entitlement as set forth in this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Michael F. Gadola