*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KYLE RICHARD BEAUCHEMIN,

        Defendant-Appellant.

UNPUBLISHED
August 25, 2022

No. 357903
Tuscola Circuit Court
LC No. 20-015256-FH

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

HOOD, J. (*concurring*)

I respectfully concur in the result only. I would reverse on the basis that defendant Kyle Richard Beauchemin's objection to a probationary sentence and demand for a jail term barred the trial court from sentencing him to a term of probation. *People v Bensch*, 328 Mich App 1, 7-12; 935 NW2d 382 (2019). The majority opinion would fault the sentencing court for failing to rely on anticipated "good time" credit to conclude that Beauchemin reached his statutory maximum jail term. Such sentencing considerations, however, are impermissible. See *People v Fleming*, 428 Mich 408, 424-427; 410 NW2d 266 (1987) (holding that "enhancing a defendant's sentence on the basis of anticipated good-time reductions is . . . improper."). The trial court correctly concluded that Beauchemin had not reached his statutory maximum, which was 20 days beyond the sentence it imposed.

## I. BACKGROUND

The majority opinion accurately describes the factual and procedural background. Critically, at Beauchemin's original sentencing hearing, he objected to probation and demanded that the trial court sentence him to a term of incarceration. Over his objection, the trial court sentenced Beauchemin to two years' probation and 345 days' incarceration, with credit for 339 days served for the larceny conviction, and 93 days' incarceration, with credit for time served, for the domestic violence and assault and battery convictions, before resentencing Beauchemin to two years' probation with no jail time.

## II. LAW AND ANALYSIS

-1-

The trial court did not err in concluding that Beauchemin had not yet served the statutory maximum jail sentence for his larceny conviction. Although Beauchemin may have ultimately received a reduction for good behavior, see MCL 51.282, it would have been improper for the trial court to consider such possible reductions as a sentencing factor, *Fleming*, 428 Mich at 424-427. The trial court, however, erred in both the original sentence and amended sentence by sentencing Beauchemin to a term of probation when he objected to probation and demanded a jail term. *Bensch*, 328 Mich App at 7-13.

"We review de novo constitutional challenges to sentencing decisions." *People v Posey*, 334 Mich App 338, 355; 964 NW2d 862 (2020). A "trial court's decision about the sentence imposed is reviewed for an abuse of discretion." *People v Rydzewski*, 331 Mich App 126, 132; 951 NW2d 356 (2020) (quotation marks and citations omitted). We review questions of law, such as issues of statutory construction, de novo. *Bensch*, 328 Mich App at 4 n 2.

## A. IMPERMISSIBLE SENTENCING CONSIDERATIONS

At the threshold, I disagree with the majority's conclusion that the trial court erred by imposing a sentence of probation when, based on anticipated good time credits, Beauchemin would have already served the statutory maximum term of incarceration. This conclusion not only depends on this Court and the sentencing court accepting an estimate of Beauchemin's good time credits, but it also requires the trial court to rely on an impermissible sentencing factor. See *Fleming*, 428 Mich at 424-427 (holding that the possibility of early release by virtue of good time credits may not be used to enhance a defendant's sentence).

The majority relies on *People v Bisogni*, 132 Mich App 244, 246-247; 347 NW2d 739 (1984),[1] for the principle that a sentencing court may not sentence a defendant to probation when he has already served the statutory maximum jail term associated with his charge. In *Bisogni*, the defendant was convicted of conspiracy to commit larceny under $100, MCL 750.157a, and sentenced to two years' probation, with the first year in jail. *Id.* at 245. This Court partially vacated the defendant's sentence because once he served the one year of jail time imposed by the court—the statutory maximum jail term—he could not then be required to serve any additional probation. *Id.* at 246. As the majority correctly notes, the rationale was that even if the defendant violated

---

[1] As a decision issued on or before November 1, 1990, *Bisogni* is not binding on this Court, MCR 7.215(J)(1); *People v Mathews*, 324 Mich App 416, 428 n 4; 922 NW2d 371 (2018), and I am not convinced that it was correctly decided. Panels of this Court have applied *Bisogni* to reach different conclusions in factually similar cases. See, e.g., *People v Jan*, unpublished per curiam opinion of the Court of Appeals, issued January 13, 1998 (Docket No. 196492) (holding that sentence of two years' probation with 90 days in jail was void ab initio, where the statutory maximum jail term was 90 days); *People v Trice*, unpublished per curiam opinion of the Court of Appeals, issued September 23, 2004 (Docket No. 247537) (holding that sentence of two years' probation for a defendant convicted of a 90-day misdemeanor was valid, where defendant spent over 200 days in jail awaiting trial but jail was not a condition of his term of probation). Because *Bisogni* is not binding and the decisions applying it have reached various outcomes, I decline to rely on it as persuasive authority.

his term of probation, the court could not impose additional punishment for the violation because such additional punishment would exceed the statute. *Id.* at 246-247, citing *People v Sturdivant*, 412 Mich 92; 312 NW2d 622 (1981). This Court in *Bisogni* vacated the defendant's sentence to the extent it would impose a period of probation after the defendant completed serving the one year of imprisonment. *Bisogni*, 132 Mich App at 247.

Beauchemin is differently situated than the defendant in *Bisogni* because, unlike that defendant, the jail term in Beauchemin's original sentence was not the statutory maximum. The sentencing court sentenced Beauchemin to two years' probation with 345 days in jail as a condition. His jail term was 20 days short of the statutory maximum. In *Bisogni*, the trial court had no authority to sanction the defendant for probation violations that occurred after his one-year jail term. *Bisogni*, 132 Mich App at 246-247. Here, Beauchemin would still be subject to up to 20 days in jail for a potential future probation violation. Therefore, his sentence could not be void until his total jail time reached 365 days. For this reason, *Bisogni* is distinguishable.

The majority appears to resolve this difference by relying on Beauchemin's anticipated good-time credit. Acknowledging that good-time credit for jail sentences is a determination left to the sheriff or jailor, see MCL 51.282, I also acknowledge that Beauchemin could effectively "bank" good-time credit that he had accumulated awaiting sentence, see *People v Resler*, 210 Mich App 24; 532 NW2d 907 (1995); see also *People v Tyrpin*, 268 Mich App 368; 710 NW2d 260 (2005). The sentencing court would have to apply this banked good-time credit toward sanctions for future misconduct. *Resler*, 210 Mich App at 27-28 (concluding that a defendant is entitled to good-time credit when his or her probation is revoked). This means that Beauchemin's sentence of two years' probation with 345 days in jail, though not immediately void under the principles in *Bisogni*, would become void as soon as Beauchemin violated probation and his banked good-time credit applied. In short, unlike the defendant in *Bisogni*, Beauchemin's sentence was not void on the day of sentencing, but it would become void once the court had to apply banked good-time credit toward a future probation violation. The majority opinion appears to expand *Bisogni*'s application to include this situation.

The problem is that the majority opinion requires the sentencing court to consider anticipated good-time credit in fashioning its sentence, which is illegal. See *Fleming*, 428 Mich at 424-427. The sentencing court could not have considered anticipated credit for good behavior in fashioning its sentence even if at a defendant's request. See *id.* It is unlawful for a sentencing court to rely on the possibility of good-time credits, early release, or disciplinary credits as an aggravating sentencing factor. See *id.*; see also *People v Lundy*, 145 Mich App 847; 378 NW2d 622 (1985) (holding that a sentencing judge may not consider the possibility of a prisoner's early release under the Prison Overcrowding Emergency Powers Act, 1980 PA 519; MCL 800.71, as a factor enhancing a sentence); *People v Humble*, 146 Mich App 198; 379 NW2d 422 (1985) (same). Here, Beauchemin had spent 339 days in custody at the time of his sentencing, 26 days short of the statutory maximum jail term for larceny. Because he had not yet served the statutory maximum, the original sentence was not invalid.

Acknowledging that Beauchemin requested—and apparently preferred—a jail sentence, a jail sentence is still harsher than probation. See *Bensch*, 328 Mich App at 7 (noting that probation is a matter of grace). The court cannot rely on anticipated credit for good behavior to impose a

harsher sentence. To reach this conclusion, the trial court would have had to consider an impermissible sentencing consideration, which it correctly refused to do. This was not an error.

Because of the differences between Beauchemin's case and *Bisogni*, in order to fit Beauchemin into the *Bisogni* framework, the sentencing court would have to have considered anticipated good-time credit, which is unlawful. See *Fleming,* 428 Mich at 424-427. This creates a Catch-22, where the sentencing court would have to choose between committing one of two errors. The sentencing court could follow *Fleming* and not consider how good-time credit would impact his sentence. This would likely eventually result in a sentence that is void under the *Bisogni* principles once Beauchemin's banked good-time credit kicked in. Or the sentencing court could consider anticipated good-time credit in contravention of *Fleming* and long-established precedent to avoid this result. In my view, it is unnecessary for us to resolve this potential paradox because Beauchemin's original and amended sentence were both unlawful under *Bensch*, 328 Mich App at 10-13.

## B. DECLINING A PROBATIONARY SENTENCE

The trial court erred by imposing a probationary sentence because such a sentence was barred once Beauchemin objected to probation and requested incarceration. See *Bensch*, 328 Mich App at 13; MCL 771.4(1). MCL 771.4(1) states: "It is the intent of the legislature that the granting of probation is a matter of grace requiring the agreement of the probationer to its granting and continuance." In *People v Peterson*, 62 Mich App 258, 264-265; 233 NW2d 250 (1975), this Court examined an earlier version of MCL 771.4 to analyze whether a probationer may reject certain conditions of probation. After considering that statute, and the fact that "a probationer is no less deprived of all constitutional guarantees than the one incarcerated pursuant to sentence[,]" *id*. at 266, the *Peterson* Court determined that "[p]robation is a matter of grace and rejectable, we think, at the option of the probationer," *id*. at 265.

In applying the 2019 version of MCL 771.4(1), which merely stated "the granting of probation is a matter of grace conferring no vested right to its continuance[,]" this Court in *Bensch* relied on *Peterson* to conclude that a defendant may reject probation. *Bensch*, 328 Mich App at 7. When asked to abandon the rule iterated in *Peterson* regarding a defendant's ability to reject probation, this Court noted that "the rule that defendants may reject probation has been accepted and relied on in subsequent cases in which a defendant agreed to probation but objected to a particular condition." *Id*. Accordingly, this Court "decline[d] to simply abandon that rule without a compelling reason to do so." *Id*. at 9. This Court reaffirmed *Peterson*, and expressly stated that "a defendant may decline a sentence of probation and instead seek a sentence of incarceration." *Id*. at 13.

This Court's determination in *Bensch* is consistent with *People v Oswald*, 208 Mich App 444, 445-446; 528 NW2d 782 (1995), where this Court analyzed whether a fine imposed as a condition of probation was limited to the maximum fine authorized under the statute of which the defendant was convicted. The *Oswald* Court determined that the trial court was not limited to the maximum fine authorized by the applicable statute, and further determined "had [the] defendant found the term of probation to be overly onerous, he could have declined the grant of probation, . . . and submitted himself for sentencing directly under the . . . statute . . . ." *Id*. at 446.

The prosecution argues that this Court should overrule *Peterson* and *Bensch*, but *Peterson* is not binding on this Court, and this Court cannot overrule *Bensch*. Under MCR 7.215(J)(1), "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule." *Bensch* was issued in 2019, our Supreme Court has not overruled *Bensch*, and there are no conflicts in this Court regarding that decision. Accordingly, this Court is bound by *Bensch*. MCR 7.215(J)(1).

The prosecution also appears to argue that trial court could simply ignore *Bensch* if there were a "compelling reason to do so." I disagree. The prosecution's argument relies on one sentence that appears to be misread or taken out of context. The Court in *Bensch* explained its reasoning for adopting a longstanding rule of law that was not binding on the Court, stating:

> Unpublished decisions of this Court have also relied on the fact that a defendant agrees to probation in resolving challenges to orders of probation. These decisions are not binding precedent, MCR 7.215(C)(1), but it is clear that the rule that a defendant can elect to reject probation has been used by this Court (and others) to dispose of arguments made by defendants challenging the terms of their probation. *Under these circumstances, we decline to simply abandon that rule without a compelling reason to do so.* [*Bensch*, 328 Mich App at 9 (citations omitted; emphasis added).]

Later, the Court stated that the prosecution's arguments were "not compelling reasons to depart from the longstanding interpretation of MCL 771.1 . . . ." *Id.* at 13. In these statements, the Court was explaining the reasoning for affirming a rule of law in a published decision. It was not stating that trial courts could ignore this rule if there was a "compelling reason." See *id*. at 9, 13. The sentencing court in this case could not just ignore *Bensch*.

Under MCL 771.4(1), which expressly requires a defendant to agree to a grant of probation, *Bensch*, and *Oswald*, Beauchemin was permitted to reject probation and request incarceration. In a motion for personal bond or for immediate sentencing, which Beauchemin filed after the conclusion of his jury trial, Beauchemin explicitly requested that the trial court impose a sentence of incarceration. Although in his sentencing memorandum, which was filed after the motion for immediate sentencing, Beauchemin requested probation, he objected to probation at sentencing, in his motion for resentencing, and at the hearing on that motion. Because he objected to probation and requested incarceration, the trial court erred in imposing a term of probation on Beauchemin. *Bensch*, 328 Mich App at 13.

## III. CONCLUSION

With respect, I agree with the result reached in the majority opinion that Beauchemin's sentence should be vacated and the court should sentence him to a term of incarceration, but on the basis that his objection to a probationary sentence and demand for a jail term barred the trial court from sentencing him to a term of probation.

/s/ Noah P. Hood